LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

                **Plaintiffs,**

vs.

PROVIDENCE HEALTH & SERVICES -
WASHINGTON, PROVIDENCE ALASKA
MEDICAL CENTER, and PROVIDENCE
COMMUNITY MINISTRY BOARD,

                **Defendant.**

COPY
Original Received

JUL 3 1 2017

Clerk of the Trial Courts

CASE NO.: 3AN-17-_____ CI

## COMPLAINT

When Plaintiff Linda Wrigley, M.D. ("Dr. Wrigley") joined the Medical Staff of Defendant Providence Alaska Medical Center ("PAMC", "Providence", or "the Hospital") in 1998 as an obstetrician/gynecologist, she was excited to serve her community by helping women and their families. She cared for her patients with distinction, compassion and skill from her first days at Providence to her last in August of 2015, when the Hospital's Medical Executive Committee ("MEC") informed her that they had denied her reappointment to the Medical Staff and rescinded her clinical privileges.

The action was wholly unwarranted. Certainly, that is what Dr. Wrigley believes. But it is more than that. It is the considered view of the professional colleagues who knew her work best, and – most significantly, perhaps – it is the determination of Providence's own Fair Hearing Panel ("FHP"), a group selected by

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 1 of 92**

3AN-17-_____ CI
Page 1 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 1 of 92

the Hospital and guided by a Hearing Officer trusted by Providence in their required review of the actions taken against Dr. Wrigley.

Although fair hearing panels at Providence generally go along with the MEC's actions and affirm what that body has done, here the result was different. The FHP received the testimony of twenty-seven witnesses and reviewed thousands of pages of exhibits over the course of a five day hearing. In the end, the FHP acknowledged what the evidence fairly compelled: Dr. Wrigley's clinical care was sound, and the MEC's decision to strip her of her clinical privileges and deny her reappointment was not based on substantial evidence. As to the process that resulted in the actions taken, the FHP indicated that it was neither fair nor appropriate. Ultimately, the FHP recommended the restoration of Dr. Wrigley's privileges and her reappointment to the Medical Staff.

It is routine for the MEC to accept the recommendation of the Fair Hearing Panel tasked with a "fair hearing" review of adverse actions taken against an aggrieved physician; Dr. Wrigley hoped and expected the MEC to do what it historically had done and to accept the findings of Providence's own Fair Hearing Panel.

But the FHP's clear determinations – striking in their analysis and force – were not what Providence wanted to hear. Thus, in violation of the Hospital's Bylaws and Credentials Policy, standard practice and any notion of fairness, the MEC reached beyond its authority and simply voided the Panel's determinations, reverting instead to its procedurally defective and substantively flawed earlier decision. This callous

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 2 of 92**

3AN-17-_____ CI
Page 2 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 2 of 92

maneuver was as improper as it was unique in the history of Providence. Untroubled by the procedural and substantive posture, the PAMC's Community Ministry Board (the "Board" or "PAMC Board") accepted the MEC's decision.

Dr. Wrigley petitioned for further review. When the matter came before the Appellate Review Committee of that same Board for further review, as the Credentials Policy provides, the two physicians on that Committee whom the Board had charged with a close review of the record, found in Dr. Wrigley's favor and recommended the restoration of her privileges. Non-physician community members on the panel, however, either abstained or voted to support the prior decision of the Board on which they served.

In the end, in willful disregard of statutory, common law and constitutional obligations, Providence reaffirmed its ill-considered decision not to renew Dr. Wrigley's appointment and to deny her continued clinical privileges. She now cannot serve patients at Providence, the largest hospital in Anchorage, where many residents have their care.

Defendants' conduct has harmed Plaintiff's economic interests, defamed her professional reputation, unreasonably restrained competition, and caused Dr. Wrigley severe emotional distress. Plaintiff is thus obliged to bring this action, seeking redress for the harms she has suffered and continues to suffer.

## THE PARTIES

1.      Plaintiff, Linda Wrigley, M.D. is a resident of Anchorage, Alaska.

**Law Office of Paul D. Stockler**
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 3 of 92**

3AN-17-_____ CI
Page 3 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 3 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

2.     Plaintiff, Alaska Ob-Gyn Associates, LLC ("Alaska Ob-Gyn") is an Alaska limited liability company that is wholly-owned by Dr. Wrigley.  Plaintiffs together are referred to as "Dr. Wrigley."

3.     Defendant Providence Health & Services-Washington ("Providence"), is a Washington corporation licensed to do business in Alaska.  Providence operates the Providence Alaska Medical Center ("PAMC"), as well as hospitals in five other communities in Alaska.  Its hospitals operate not only in Alaska but in Washington, Oregon, California and Montana.  PAMC is a quasi-public entity, and the largest hospital in Alaska.  The Community Ministry Board ("PAMC Board" or "the Board") provides governance for Providence (all entities shall collectively be referred to as the "Defendant," "the Hospital," "Providence" or "PAMC").

## JURISDICTION

4.     This court has original jurisdiction over the parties and the subject matter of this action.

5.     Venue is proper in the Third Judicial District, State of Alaska.

## FACTS

### Background

6.     Dr. Wrigley is a board-certified Obstetrician-Gynecologist ("OB/GYN").  She is self-employed and has been in private practice since 2000.

7.     While PAMC currently employs some of the physicians on its Medical Staff, others are in private practice.

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A**
**Page 4 of 92**

3AN-17-_____ CI
Page 4 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 4 of 92

8.    In order for physicians to practice at the Hospital, PAMC grants clinical privileges to physicians who comprise its Medical Staff.

9.    The procedures and standards to be applied when granting and renewing clinical privileges at PAMC are set forth in material respects in the Providence Medical Staff Bylaws ("the Bylaws") and its Credentials Policy ("the Credentials Policy").

10.    By law, contract and standard practice, the Bylaws and Credentials Policy in effect during a physician's active tenure on the Medical Staff at PAMC govern consideration of issues relating to that physician's privileges.

11.    In fact, on information and belief, PAMC cannot identify a single case where the Hospital and/or its MEC required that a physician's rights and obligations be determined according to a policy not in effect while that physician was an active Member of the PAMC Medical Staff.

12.    Between 1998 and August 29, 2015, Dr. Wrigley served as an active member of the Medical Staff with clinical privileges in the PAMC Department of Obstetrics & Gynecology (the "Department" or "OB/GYN Department"). Dr. Wrigley paid her Medical Staff dues and participated in the life of the Hospital.

13.    Dr. Wrigley has also enjoyed privileges at Alaska Regional Hospital ("Regional"), where she has served as Chair of the OB/GYN Department, starting that position in 2014. She completed her tenure as Chair in 2016 and continues to serve Regional as a member of its Medical Staff to this date.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 5 of 92**

3AN-17-_____ CI
Page 5 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 5 of 92

14.     Over time and consistently, Dr. Wrigley has proved herself a skilled and innovative surgeon who stays up-to-date with evolving surgical practices.

15.     For instance, during her recent term as Chair of the OB/GYN Department at Regional, Dr. Wrigley led the effort to receive national certification from the Center of Excellence in Minimally Invasive Gynecology, a national program devoted to improving quality of care outcomes.

16.     As part of the national certification process, Dr. Wrigley's cases at Regional, including 48 laparoscopic cases, ten vaginal cases and 41 hysteroscopic cases during a time period relevant here, were reviewed by a national body of experts. Regional was certified.

17.     The positive findings regarding the quality of Dr. Wrigley's care as well as the depth of her expert knowledge and technical skill implicit in Regional's receipt of certification are consistent with other national reviews of Dr. Wrigley's care.

18.     National experts have reviewed relevant cases of Dr. Wrigley's from 2013 – 2015 and have opined that she has met or exceeded the standard of care in every case reviewed.

19.     These expert findings comport with the experience of those who know Dr. Wrigley's work best: her call partners, who have commended her care and attention to her patients and their needs.

20.     Some of them have noted that, in contrast to some of her now former colleagues at PAMC, she handles the pressure of her work well, cares for patients deeply and takes the time to get to know them and their worries and joys.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 6 of 92**

3AN-17-_____ CI
Page 6 of 48

Case 3:17-cv-00196-TMB     Document 1-1     Filed 09/07/17     Page 6 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

21.     As one of her former call partners at PAMC has noted, Dr. Wrigley is compassionate, intelligent and up-to-date in her medical knowledge, as well as caring about her patients.

22.     She is also responsive to her colleagues' and patients' needs. A PAMC nursing staff colleague who has worked with Dr. Wrigley for years has observed that she is "always responsive" to her calls and "very caring and considerate, and very appropriate in her care, in her management" as well as her regard for members of her healthcare team.

23.     Consistent with what the seasoned professionals working with Dr. Wrigley have observed, she has never been sued for malpractice and has a complication rate that is on par with or below that of her now former peers at PAMC and enjoyed generally high rankings in her reviews.

24.     With this reputation for excellence, Dr. Wrigley's practice grew from the time she joined the Medical Staff at PAMC.

### A Back-Door Review, Well-Received by PAMC

25.     In 2013, Dr. Wrigley moved her Alaska Ob-Gyn practice to an office building she and her husband purchased near PAMC, seeking an opportunity to further grow her practice and bring on associates and staff to assist her.

26.     Around the same time, PAMC, in conjunction with OBHG Alaska P.C., an Alaska professional corporation, began to develop an Ob-Gyn Hospitalist practice within PAMC.

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 7 of 92**

3AN-17-_____ CI
Page 7 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 7 of 92

27.     OBHG Alaska, P.C., employed the OB-GYN Hospitalist physicians within PAMC.  The design of the practice was to provide OB-GYN services to patients at Providence, with the hope that, over time, the practice would compete in Dr. Wrigley's area of expertise.

28.     Dr. Wrigley's success – and positioning for the growth of her private practice – was an invitation for problems to find her.

29.     In fact, in 2013, a new chair, Matthew Lindemann, M.D., took over her Department.

30.     By standard practice and consistent with the Bylaws and Credentials Policy, physician reappointment to the Medical Staff occurs generally on two-year cycles.

31.     Applications for reappointment start at the department level, travel next to PAMC's Credentials Committee, a hospital-wide committee, whose task it is to recommend physicians for reappointment or non-reappointment to PAMC's Medical Executive Committee.   It is this body, the MEC, which makes the final recommendation to PAMC's Board regarding reappointment.

32.     In the spring of 2013, Dr. Wrigley came up for reappointment.

33.     As Chair of the OB/GYN Department, it fell to Dr. Lindemann to complete the Department Chair Recommendation & Peer Review Assessment for Medical Staff/AHP Reappointment.

34.     On April 25, 2013, he did so.  Dr. Lindemann filled out the required form, ranking Dr. Wrigley fair to excellent in all categories and sub-par in none.   He

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 8 of 92**

3AN-17-_____ CI
Page 8 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 8 of 92

recommended no changes to her clinical privileges or the scope of her practice, checking off that he recommended her "reappointment without any modifications."

35.    Dr. Lindemann submitted the form to the Credentials Committee, signaling – formally at least – that Dr. Wrigley's reappointment should move forward without incident.

36.    Yet that was not his intention.  On the side, Dr. Lindemann wrote a note to the Credentials Committee complaining about Dr. Wrigley and harkening back to an interpersonal exchange he had with the Plaintiff four years earlier when the two of them had jostled to get their patients into an operating room.  He had never discussed his perception of the event with Dr. Wrigley over the course of the intervening time and had never given her an opportunity to respond to his purported concerns.  Nevertheless, in violation of all notions of fairness, in his handwritten note, this purported event featured prominently.  He further traded in an allegation that had been proved to be false and entirely defamatory.  He did not inform her of his intention to mention these and other stale and false rumors.

37.    At no time before or after that note was written was Dr. Wrigley informed that such a note was submitted to the Credentials Committee, nor was she permitted to know of its contents or to be heard on the subject.

38.    Stunningly, despite the formal recommendation, Dr. Lindemann was asked to type up his ad hominem hand-written scrawl and the personal invective it contained.

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 9 of 92**

3AN-17-_____ CI
Page 9 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 9 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

39.     Contrary to any notions of due process and to the procedural safeguards in place, this note then served as justification for the Credentials Committee to recommend to the MEC, in May of 2013, that Dr. Wrigley be provided a shortened reappointment until October 31, 2013, during which time her care was to be reviewed through what is called in the profession a "Focused Professional Practice Evaluation." The MEC obliged.

40.     On May 28, 2013, Dr. Wrigley received a communication from Richard Mandsager, M.D., the Chief Executive Officer of PAMC.  He notified her that PAMC, in accordance with the Medical staff Bylaws, Articles III and IV, had reappointed her to the active medical staff within clinical privileges in the Department of Obstetrics & Gynecology, and that the action was approved by Providence and its Board.  He further informed her that she was receiving a shortened three month reappointment, with a FPPE to review certain of Dr. Wrigley's cases.

41.     FPPEs are processes designed to make the decision of privileging more objective and continuous, according to the Joint Commission, a national non-profit organization whose mission is to continuously improve health care for the public, in collaboration with other stakeholders, by evaluating health care organizations and inspiring them to excel in providing safe and effective care of the highest quality and value.

42.     It was the Joint Commission that introduced this tool in 2007 and encouraged its use.

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 10 of 92**

3AN-17-_____ CI
Page 10 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 10 of 92

43.     The Joint Commission has noted the following about the use of FPPEs: "Since the outcome of the FPPE is so important, the review, decision and follow-up process developed by the hospital – usually at the departmental level – must be objective and capable of accurately determining when a clinician's performance is falling below an acceptable norm.  To accomplish this goal, it is important that a thorough and thoughtful process be developed by each department with substantial input from peers." [emphasis added].

44.     Consistent with legal and contractual requirements and the Joint Commission's own guidelines, Providence requires that quality of care issues be subjected to peer review, starting at the departmental level and working through a Hospital-wide quality assurance committee.

45.     Relevant here, the OB/GYN Department has a committee dedicated to quality review of its Medical Staff members, the OB/Risk Committee, and that committee makes further recommendations to the Hospital-wide Physician Quality Committee ("PQC"),

46.     Yet, contrary to the requirements of the Joint Commission, at no time prior to the imposition of the FPPE were Dr. Wrigley's senior-most peers at the departmental level consulted as to whether they assessed her care to warrant closer review or any shortened reappointment period for such review.

47.     Dr. Wrigley was keen to continue serving patients at Providence, the largest hospital in Anchorage with a patient base critical to her growing business in

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A**
**Page 11 of 92**

3AN-17-_____ CI
Page 11 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 11 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

which she was deeply invested both personally and financially. She accepted the conditions of her reappointment.

48. In July of 2013, Dr. Lindemann again filled out the Department Chair Recommendation Form, again evaluating Dr. Wrigley as excellent in several categories, good and fair in others and sub-par in none. He recommended "no changes" to her clinical privileges or the scope of her practice and that she be reappointed without any modifications or limitations.

49. During the FPPE period, all of Dr. Wrigley's focused reviews came back as Level 1, as Dr. Lindemann would admit at the start of October of 2013.

50. Although he filled out the formal evaluation, as he had previously, Dr. Lindemann was not to be bothered by the facts; aware that no fair assessment of Dr. Wrigley would set the stage for pushing her out, he set about to create the conditions for further limits to be placed on Dr. Wrigley's reappointment, hoping ultimately to curtail her practice and the competition she may represent.

51. Although often a no-show to the OB/Risk Committee, in the fall of 2013, Dr. Lindemann made an appearance to urge the Committee to find fault with Dr. Wrigley in a particular case.

52. To at least one member of the Committee, it seemed apparent that Dr. Lindemann wanted to try to create a case against Dr. Wrigley.

53. In fact, when Dr. Lindemann came before the Credentials Committee, while he was obliged to admit that, during the FPPE period, all of Dr. Wrigley's focused reviews "have come back as Level 1," he reached back and noted that prior to the

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 12 of 92**

3AN-17-_____ CI
Page 12 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 12 of 92

FPPE period (indeed years earlier) Dr. Wrigley had some cases that were adjudged as needing further attention by OB/Risk.

54.    At no time prior to his presentation did Dr. Lindemann consult with the OB/Risk Committee to determine whether they believed that these older cases were any cause for concern or whether they provided any legitimate basis for restricting Dr. Wrigley's privileges at that time.

55.    Had the long time senior physician members of OB/Risk been consulted, they would not have agreed.

56.    Dr. Lindemann further indicated that he had "received information" regarding Dr. Wrigley's practices.  The information he purportedly received was false, and any review of her records would have confirmed as much.  He engaged in no such review before forwarding the allegations to the Credentials Committee and MEC.

57.    The process in which Dr. Lindemann engaged failed any test of fairness and did not suggest even a hint of adequate investigation into the facts.

58.    The Credentials Committee simply did not care.  It does not appear that any members of the Credentials Committee required more than rumor in this regard.  Instead, the body voted to extend Dr. Wrigley's privileges for 30 days and recommended that the PAMC Administration and Chief of Staff address the issues discussed.

59.    On October 14, 2013, the matter came before the MEC.  Again, Dr. Lindemann was permitted by the body to trade in stale rumor and false statements of fact.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 13 of 92**

3AN-17-_____ CI
Page 13 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 13 of 92

60.     Indeed, when he subsequently has been pressed on some of the matters he brought forward to the MEC, Dr. Lindemann has been obliged to admit limited knowledge of the care he placed at issue, and to confess, as to some matters, "I don't know if it should even be a criticism."

61.     The MEC gladly received a skewed, inaccurate and patently false picture of Dr. Wrigley's care from Dr. Lindemann.

62.     Again, on October 22, 2013, the MEC considered Dr. Wrigley's status. Dr. Lindemann came before the Committee, with cases dating back years, trying to depict Dr. Wrigley's care as concerning in each case.

63.     Although two senior members of Dr. Wrigley's Department who served on the OB/Risk Committee asked to be heard by the MEC and presented themselves for that purpose, yet the MEC declined.   Another member of the OB/GYN service – among the most distinguished of physicians in the area – wrote a letter to the Medical Staff warning that partiality and a failure to follow the Bylaws would result in a flawed and improper process and result.  As a senior leader of the Medical Staff, he offered to be a resource to Hospital leaders considering the matter.   The offer was never accepted and no one on the MEC ever contacted him.

64.     At no time in 2013 did the OB/Risk Committee discuss or even consider any recommendations to limit Dr. Wrigley's privileges, as its long time senior physician members believed that nothing presented to OB/Risk implied that she should not continue on as Member of the Medical Staff, unrestricted in her privileges.

**Law Office of Paul D. Stockler**
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 14 of 92**

3AN-17-_____ CI
Page 14 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 14 of 92

65. If Dr. Lindemann's was an effort to find or fabricate facts in support of a conclusion already reached, he was not alone.

66. Steven Floerchinger, M.D., Chair of the Credentials Committee, and Michael Accarregui, M.D., Chief Medical Officer for PAMC, joined the chorus supporting the cause, even where the facts and literature were at odds with the positions they staked out.

67. For example, at the October 22, 2013 meeting of the MEC, Dr. Accarregui proclaimed pointed criticism of Dr. Wrigley's care in a particular case, lambasting Dr. Wrigley for seeking to explain her care by coming to him, literature in hand. The literature, Dr. Accarregui declared, was contrary to what Dr. Wrigley had done. That she would cite to the article she brought with her, Dr. Accarregui posited, demonstrated a failure to "take responsibility" for her conduct.

68. But Dr. Accarregui was flat out wrong.

69. The literature referenced by Drs. Wrigley and Accarregui was authored by a leading expert in the field, Morris Wortman, M.D.

70. Dr. Wortman has confirmed that Dr. Wrigley was correct in her interpretation of his expert work and in her care. Moreover, having had an opportunity to review the case at issue, Dr. Wortman has expressed the view that Dr. Wrigley's care was exemplary, demonstrating a thoughtful approach that was above and beyond what might be expected and reflecting best practices.

71. As for the notion that Dr. Wrigley's care was wanting, Dr. Wortman not only strongly disagrees, he finds it "very disturbing" that Providence leadership found

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 15 of 92**

3AN-17-_____ CI
Page 15 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 15 of 92

fault with Dr. Wrigley's clinical judgment. According to this national expert in the very care at issue, any notion that Dr. Wrigley's care was not appropriate relies on outdated and flatly incorrect premises.

72.   Indeed, two national experts have reviewed each case presented by Dr. Lindemann in October of 2013 and have determined that Dr. Wrigley's care met or exceeded acceptable standards and provided no basis whatsoever for taking action against her privileges.

73.   Notwithstanding, the MEC asked Dr. Wrigley to voluntarily suspend her practice at PAMC pending further case review. Dr. Accarregui and Stanley Watkins, M.D., then Acting Chief of Staff for PAMC, communicated the decision after Dr. Wrigley declined to accept it voluntarily.

74.   Despite her concerns about the propriety of the action taken, in order to move forward with her practice and continue caring for patients at PAMC, Dr. Wrigley ultimately agreed to submit to a rigorous Performance Improvement Plan. She was then reappointed to the Medical Staff from November of 2013 through November of 2014, subject to the terms and conditions of the Bylaws, rules and regulations and policies of the Medical Center and Medical Staff.

75.   For a full year, Dr. Wrigley was subjected to one hundred percent chart review of her cases and her care of patients.

76.   Those reviewing her charts have described them as excellent, and of a level of detail and thought that compared favorably to their own. They have noted that her care was consistently ranked as a Level 1 (the highest level).

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 16 of 92**

3AN-17-_____ CI
Page 16 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 16 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

77. Indeed, on September 25, 2014, Dr. Wrigley was informed that of the cases considered by the OB/Risk Committee and the PQC each received a Level 1, with a comment on one case that Dr. Wrigley faced equipment problems and exhibited "good clinical judgment in this situation."

78. On November 23, 2014, the Medical Staff Coordinator acknowledged that Dr. Wrigley had successfully completed her PIP.

79. After a full year of intense scrutiny, with no concerns raised and not a single chart flagged, the MEC was obliged to reinstate Dr. Wrigley's privileges in full.

80. Dr. Wrigley was informed that her appointment would be extended through May 31, 2015 but that this appointment was of that duration simply to align her reappointment cycle with others in the OB/GYN Department, with the design that her next appointment would run the normal two-year period.

81. As of the spring of 2015, not a single case of Dr. Wrigley's had been determined to be wanting in any way.

82. Yet, on May 20, 2015, Dr. Richard Mandsager informed Dr. Wrigley that her reappointment had been approved only through August 29, 2015.

83. The decision was not based on any fair, adequate or appropriate review of Dr. Wrigley's care. Instead, it followed a request by then OB/GYN Department Chair Kathryn Ostrom, M.D., who had approached the Credentials Committee with "reservations" about Dr. Wrigley that were not based on the conclusion of any departmental peer review process – and others chimed in without doing what is required to make sure they were trading in objective fact and not false rumor.

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 17 of 92**

3AN-17-_____ CI
Page 17 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 17 of 92

84.     Dr. Ostrom pressed her concerns with a decided tilt, trading in false and debunked accusations from years earlier and relying on surmise and ill-founded personal opinion.  She did not do what is expected as a matter of policy, administrative standards and practice: Before bringing her opinions to the Credentials Committee she did not engage in any departmental peer review, ask for input from OB/Risk or submit her hunches to standard quality review processes before allowing them to affect Dr. Wrigley's privileges.

85.     Indeed, at the time Dr. Ostrom submitted her evaluation of Dr. Wrigley to the Credentials Committee in May of 2015, there was but one case of Dr. Wrigley's under review; and it went through normal departmental quality assurance channels and was ultimately accorded a Level 1: Standard of Care Met.

86.     In violation of standard practice and protocol, Dr. Wrigley was not provided an opportunity to discuss matters with Dr. Ostrom before her new Chair recommended her shortened reappointment.

87.     On information and belief, Dr. Ostrom understood the need to get rid of Dr. Wrigley, whose growing business posed a threat to her and the group of which she was a part, the OBHG Alaska, P.C.   Also on information and belief, Dr. Ostrom herself was facing difficulties within her Department and more generally at the Hospital.   It was her hope that she could endear herself to leadership by doing their bidding on this matter.  And so she did.

88.     The Credentials Committee and MEC were not troubled by the procedural posture or the possibility of self-interest on Dr. Ostrom's part.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 18 of 92**

3AN-17-_____ CI
Page 18 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 18 of 92

89.     Despite the fact that no peer review occasioned the challenge to Dr. Wrigley's routine reappointment in May of 2015, the MEC determined to impose a shortened reappointment period on Dr. Wrigley's privileges, until August 29, 2015.

90.     At no time prior to that action did the MEC invite Dr. Wrigley to address the body or give her any opportunity to be heard.

91.     Dr. Wrigley's continued reappointment was then conditioned upon further – this time retrospective – chart review and proctoring of her surgical cases.

92.     By rule and practice, such proctoring was to include a final report and sign out from the proctor to the physician.  Dr. Wrigley was not provided any such report nor was she given any opportunity to react to Dr. Ostrom's views in the normal course.

93.     In the end, even with this procedural deficit, the cases reviewed were all found to be well within the standard of care and those proctoring her – save Dr. Ostrom – commended Dr. Wrigley for her care and attention to detail.

94.     Dr. Ostrom was undeterred.  Without having completed a proctor report to which Dr. Wrigley could have reacted and as though to prove herself to the Hospital, Dr. Ostrom came before the PAMC Credentials Committee in early August of 2015 and traded in bogus characterizations, rumors and discredited stories.

95.     Of the cases Dr. Ostrom presented, none had been ranked below a Level 1, if presented through the quality assurance mechanisms available at the departmental level; and several were never presented at all.  Dr. Wrigley's peers within

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 19 of 92**

3AN-17-_____ CI
Page 19 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 19 of 92

her Department were not consulted as to whether or not OB/Risk agreed with Dr. Ostrom's purported assessment of their colleague.

96.    No member of the Credentials Committee made appropriate inquiry regarding the process in which Dr. Ostrom had engaged.  The Chair of the Credentials Committee, Dr. Floerchinger, was not aware that Dr. Ostrom had not presented the care about which she spoke to any departmental quality assurance committee.   Nor was he aware that, at the time of the meeting, the levels assigned the cases or that most had not been subjected at all to any sort of group peer review assessment.  And he never asked for any objective data when broad comparative statements were made.  Dr. Floerchinger never knew whether the comments made about Dr. Wrigley were accurate as against measurable data.

97.    But he did not care.  Dr. Floerchinger determined to recommend the non-renewal of Dr. Wrigley's privileges and appointment.

98.    Dr. Floerchinger proceeded in this way,  although he did not even have a quorum present to listen to the ill-thought out presentation of Dr. Ostrom and to consider this vote so critical to the career and practice of a member of PAMC's Medical Staff.

99.    With no quorum present, those at the Credentials Committee nonetheless were pressed to vote in favor of a recommendation to the MEC that Dr. Wrigley's reappointment of privileges and staff membership be denied.

100.    The recommendation itself thus violated Dr. Wrigley's due process rights, as had the process resulting in the recommendation made by Dr. Wrigley's Chair.

**Law Office of Paul D. Stockler**
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A**
**Page 20 of 92**

3AN-17-_____ CI
Page 20 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 20 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

101.   Consistent with the Bylaws and Credentials Policy, a Credentials Committee vote is the predicate for any recommendation not to reappoint an active member of the Medical Staff to the MEC. Votes may only be taken where a quorum of the Committee is present or where an electronic vote is tallied and recorded.

102.   There was no quorum and it appears that no electronic vote was taken and tallied, in violation of the procedural safeguards promised Dr. Wrigley, as a matter of contract and basic procedural fairness.

103.   Moreover, at no time prior to making this recommendation had any cases mentioned before the Credentials Committee in 2013 or 2015 ever been submitted for external expert review, although quality assurance policies and practices provide for such review and such a review was required, particularly in light of the evident partiality of those who had proffered criticism of Dr. Wrigley, against the weight of the evidence.

104.   When the cases were in fact submitted for external expert review during the fair hearing process, the only reviewing experts in this case determined that Dr. Wrigley's care was sound and that, in each circumstance raised, she met the standard of care required. They were uniform in their opinion that there was no basis for taking action against Dr. Wrigley's privileges.

105.   Nevertheless, on the basis of the recommendation from the Credentials Committee, the MEC then met on August 11 and August 17, 2015 to discuss Dr. Wrigley's reappointment.

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 21 of 92**

3AN-17-_____ CI
Page 21 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 21 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

106.    Dr. Ostrom again presented purported concerns about Dr. Wrigley to the MEC. Not a single 2015 case presented by Dr. Ostrom had been found by OB/Risk to be anything other than a Level 1: Standard of Care Met.  Some of the cases presented would later be disregarded by the MEC, because the criticism was so plainly off the mark, although the body was happy to embrace the conclusion reached.

107.    Facts and fair process simply did not matter to the MEC, any more than it had mattered to the Credentials Committee.

108.    Indeed, contrary to any notions of due process or fair play and with no effort to obtain the facts of the matter, MEC members faulted Dr. Wrigley for attempting to defend her care, even though her defenses ring true, given the expert opinions on the same matters.  The MEC's leadership derided Dr. Wrigley for her efforts, arguing that the very fact that she sought to present defenses demonstrated that a lack of awareness of the problems in her care.  She was – effectively – never given an opportunity to be heard.

109.    On August 17, 2015, the MEC accepted the flawed and procedurally deficient Credentials Committee's recommendation not to renew Dr. Wrigley's privileges.

110.    Prior to the MEC's decision not to renew Dr. Wrigley's privileges, Dr. Wrigley had not been provided the opportunity to be heard through departmental peer review channels, had not been provided, as required, a report from her proctor, and had not even been the subject of a duly recorded vote by the Credentials Committee.

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 22 of 92**

3AN-17-_____ CI
Page 22 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 22 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

111.    In short, Dr. Wrigley's contractual and due process rights had not been honored, nor was Dr. Wrigley provided adequate notice under the circumstances.

112.    Nonetheless, by letter dated August 28, 2015 Dr. Mandsager informed Dr. Wrigley of the MEC's decision to recommend that her privileges at PAMC be terminated.  Dr. Wrigley was informed of purported concerns about her care, and she was informed that after its August 17, 2015 hearing, "an additional six cases were reviewed" with concerns raised in three instances.

113.    None of those three cases was submitted to departmental peer review and, as to them, Dr. Wrigley was never provided adequate notice or an opportunity to be heard prior to the formal notice provided her on August 28, 2015.

114.    The formal notice provided Dr. Wrigley informed her that, pursuant to Article 7 of the Medical Staff Credentials Policy, she could request a hearing within 30 days of the receipt of such notice.  She was provided a copy of Article 7 of the Providence Medical Staff Credentials Policy with the correspondence.

115.    As of August 29, 2015, Dr. Wrigley could no longer serve patients who wished to have their care occur at PAMC, damaging her ability to practice medicine in Anchorage, and limiting her patient pool significantly, as PAMC is the largest hospital in Alaska and the larger of Anchorage's two major hospitals, and many Anchorage area residents center their care at that facility.

## The Required Fair Hearing

116.    Dr. Wrigley timely requested a hearing under PAMC's Fair Hearing Plan on August 28, 2015, and her privileges terminated the next day, August 29, 2015.

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 23 of 92**

3AN-17-_____ CI
Page 23 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 23 of 92

117.    On November 2, 2015, Dr. Wrigley was provided notice of hearing and a statement of reasons "in accordance with" Section "7.A.5 of the PAMC Medical Staff Credentials Policy."

118.    At the time Dr. Wrigley was provided notice of hearing, PAMC correctly understood that Section 7.A.5 of the Medical Staff Credentials Policy applied to her case.

119.    Dr. Wrigley was informed that eleven cases formed the basis of the decision to terminate her privileges. Dr. Wrigley had been provided no opportunity to be heard as to three of the cases. In the end, prior to the convening of the Fair Hearing Panel, the MEC "withdrew" three of the cases it had taken the position were part of its own determination to terminate Dr. Wrigley's privileges.

120.    It was only after Dr. Wrigley had been denied reappointment, after she received notice that her hearing would proceed under Section 7.A.5 of the PAMC Medical Staff Credentials Policy in effect during her active Medical Staff membership, and after her Fair Hearing Panel had been fully constituted, that the PAMC Medical Executive Committee tendered for final approval a revised Credentials Policy.

121.    That Credentials Policy, as finally revised only in 2016, contained no provision in its Fair Hearing Plan (at Section 10) requiring its retroactive application to hearings involving an aggrieved former Medical Staff member whose hearing had been noticed under Section 7 of the Policy, the contractual provision in place when the physician had been an active member of the PAMC Medical Staff. Such a provision, in any event, would have violated the requirements of law and due process.

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 24 of 92**

3AN-17-_____ CI
Page 24 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 24 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

122. The Fair Hearing Panel ("Panel") was comprised of PAMC physicians, selected by the Hospital itself: Thad Woodard, M.D. (pediatrics), Justin Carricaburu, D.O. (family medicine), and Leslie Gonsette, M.D. (hospitalist).

123. After preliminary scheduling and other administrative matters were addressed, the FHP was convened on April 4, 5, 6, 7, and 10, 2016.

124. Presiding over the hearing as its Hearing Officer was Douglas Serdahely, a partner at the law firm of Holland & Knight, the former presiding judge of the Third Judicial District of the Alaska Superior Court, and a former pro tem panelist of the Alaska Court of Appeals and Alaska Supreme Court.

125. The FHP took evidence over the course of five days and approximately forty (40) hours, hearing from twenty-seven (27) witnesses, sixteen called by the MEC and thirteen called by the Plaintiff.

126. The MEC was ably represented by counsel routinely retained by that body in such matters. He had a full and fair opportunity to examine and cross-examine witnesses. In fact, the MEC was advantaged by certain evidentiary rulings in the case, denying Dr. Wrigley comparative evidence and basic documents that should have been disclosed.

127. Among the MEC's witnesses were Departmental, Credentials Committee and MEC leadership, including: Matthew Lindemann, M.D., Steven Floerchinger, M.D., Katherine Ostrom, M.D., Stanley Watkins, M.D., and Robert Pease, M.D.

128. Each was provided a full opportunity to explain himself or herself. The MEC was given every chance to put evidence before the FHP and it did so, including

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 25 of 92**

3AN-17-_____ CI
Page 25 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 25 of 92

over 51 exhibits, and voluminous medical records, notices, correspondence, reports, sets of minutes of the Credential Committee's and the MEC's meetings, and other documents.

129. The MEC's witnesses, and witnesses for Dr. Wrigley, testified under oath and counsel for each party had and took the opportunity to cross-examine the other party's witnesses.

130. Panel members questioned the witnesses of both parties and had an opportunity to observe witnesses, judge their credibility and weigh their statements.

131. Counsel for both parties presented closing arguments to the Panel on April 11, 2016.

132. Following the conclusion of this hearing, the Panel met and deliberated outside the presence of counsel and the parties.

### Fair Hearing Panel Decision

133. The FHP issued a 22-page decision ("FHP Decision") finding in Dr. Wrigley's favor on April 29, 2016.

134. The Panel ruled that "Dr. Wrigley has proved that the MEC's August 17, 2015, recommendation to Providence Alaska Community Ministry Board, that Dr. Wrigley's application for reappointment to staff membership and clinical privileges be denied, was not supported by substantial evidence."

135. On information and belief, this was the first time that a PAMC Fair Hearing Panel had ever recommended against the adoption of a conclusion from the Medical Executive Committee. The Panel made this recommendation unanimously.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 26 of 92**

3AN-17-_____ CI
Page 26 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 26 of 92

136. The FHP's detailed opinion explained why it concluded that the MEC's decision to recommend against Dr. Wrigley's appointment was not supported by substantial evidence.

137. The FHP noted the following: "[t]he 2013 cases were reviewed in detail during the hearing herein and the Panel finds, based on the testimony of Dr. Wrigley's expert witnesses, Dr. James N. Martin and Dr. Morris Wortman, that Dr. Wrigley met the standard of care in these cases."

138. The FHP likewise found that the MEC's "concerns" about certain 2015 cases were baseless, concluding that "the evidence does not establish a pattern of below standard care, the use of improper technical skills or techniques, poor professional or clinical judgment, or actions which presented any serious risk to patient safety by Dr. Wrigley."

139. The FHP noted that "all ... cases presented to the Panel at the hearing as the basis for the MEC's August 17, 2015 recommendation were ultimately reduced to "level 1 or 2" ratings."

140. The FHP also "found the testimony of six OB/GYN doctors who had practiced extensively with Dr. Wrigley for years to be more convincing than the testimony of Dr. Ostrom and the evidence relied upon by the MEC[] to support its August 17, 2015 actions and recommendation."

141. The FHP Decision criticized the MEC for denying Dr. Wrigley the process due her as a matter of practice and fundamental fairness and for relying instead on Dr. Ostrom's ill-considered critiques. The FHP Decision noted that the cases presented

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 27 of 92**

3AN-17-_____ CI
Page 27 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 27 of 92

had not been "vetted" through PAMC's normal quality assurance process, nor had they been sent to "outside" or "external" reviewers, as is routine, to ensure a fair and independent review and evaluation by OB/GYN physicians not affiliated with PAMC and not competing with Dr. Wrigley.

142. The force and clarity of the FHP Decision was unmistakable. Dr. Wrigley was to be reappointed and the denial of her reappointment was not evidence-based.

**The MEC's Improper Intervention To Void The FHP Decision**

143. Under Section 7.D.3 of the Credentials Policy, "the Hearing Panel will deliver its report to the chief Medical Officer," who will notify the aggrieved physician and the MEC.

144. Under Section 7.E, either party – the MEC or the aggrieved physician – may appeal the decision to the Board of Trustees. This Section 7.E does not provide any mechanism for the MEC to intervene and simply to void the disposition of the Fair Hearing Panel.

145. Instead, the governing Credentials Policy provides the MEC a right to appeal.

146. Under Section 7 of the Credentials Policy provided to Dr. Wrigley upon her departure from the active Medical Staff at PAMC and referenced when her fair hearing and appellate rights were perfected in November of 2015, the grounds for such an appeal from the FHP's disposition of the case requires the appealing party (that is, the MEC if it does not agree with the FHP's report, or the aggrieved physician if she or he does not agree) to prove that the Hearing Panel substantially failed to

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 28 of 92**

3AN-17-_____ CI
Page 28 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 28 of 92

comply with Section 7 or the Medical Staff Bylaws during the hearing; or that "the recommendation of the Hearing Panel were arbitrarily or capriciously" made or "were not supported by substantial evidence."

147.    Under Section 7.E.1, the party seeking to appeal the FHP report and disposition must file her or his appeal within 10 days of receipt of the report; failure to file a timely appeal waives that party's right to appeal.

148.    The MEC did not file any such appeal and thus waived its rights.  The FHP Decision should have thus been routinely adopted by the PAMC Board and Dr. Wrigley should have been returned to the Medical Staff with her clinical privileges restored nunc pro tunc.

149.    That is not what occurred here, notwithstanding Dr. Wrigley's clear contractual and due process rights.  Instead, after the FHP hearing, the MEC convened a meeting on May 9, 2016 during which it decided to intervene in the process.

150.    By its own admission, the MEC did not engage in any lengthy review of the complete transcript of the hearing, nor did it contend with the FHP's findings that its own representatives were less persuasive and credible than other witnesses.

151.    Rather, the MEC deliberated briefly (it appears less than two hours) and decided simply to reject the FHP disposition and report, contending that the Panel – who spent many more hours than the MEC reviewing all facts relating to Dr. Wrigley's care and the non-renewal of her privileges than did the FHP – did not understand what its role was or what the issues in the case were.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 29 of 92**

3AN-17-_____ CI
Page 29 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 29 of 92

152. The MEC failed to review the extensive record developed before the FHP and failed to articulate any legitimate reason for rejecting the FHP decision. At no point did the MEC contend with the simple fact that it had presented sixteen witnesses to explain its position; that the FHP had given them ample opportunity – guided by able counsel – to offer persuasive reasons for the MEC's decision and that, against the weight of the evidence, the reasons offered were found to be insubstantial, arbitrary and capricious.

153. Essentially, the MEC argued, the FHP should have been required to credit its witnesses' conclusory statements over the reasoned opinions of long time members of the Medical Staff and national experts.

154. The MEC then voided the FHP Decision and reverted to its recommendation to terminate Dr. Wrigley's privileges.

155. The MEC sought to ground its improper intervention not in the established process set out at Section 7, the process Providence itself had represented would govern Dr. Wrigley's fair hearing process, but in a revised policy, promulgated and approved after Dr. Wrigley was terminated and after her hearing rights were perfected. They particularly sought refuge in Section 10.D of a Credentials Policy promulgated and approved by the MEC in late November of 2015 and not finally adopted by PAMC until 2016 (the "Revised 2016 Credentials Policy").

156. That Section 10.D of the Revised 2016 Credentials Policy appears to afford the MEC an additional review of the FHP disposition and report prior to any appeal before the Board. The garbled provision also contemplates that it will only be

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 30 of 92**

3AN-17-_____ CI
Page 30 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 30 of 92

the aggrieved physician who appeals from an adverse decision of the FHP. In any event, no right for the MEC to intervene existed in the contract to which the parties were bound when Dr. Wrigley was an active member of the Medical Staff and which the Hospital had agreed would govern the fair hearing process.

157.   On information and belief, the MEC's action – voiding the report and disposition of its own Fair Hearing Panel – marked the first time that PAMC has rejected the conclusions of a Fair Hearing Panel.

158.   The MEC's actions violated Dr. Wrigley's procedural and contractual rights and any notion of fairness and due process and resulted in a skewed, partial and unfair peer review process.

159.   Moreover, Section 10 of the Revised 2016 Credentials Policy itself violates due process – promising aggrieved physicians in the future what occurred here: effectively only a right to have the MEC's decision ratified – not independently reviewed and reversed if necessary – by a body of their peers. This is fundamentally no due process right at all.

160.   Notwithstanding, on May 17, 2016, the PAMC Board approved the action taken against Dr. Wrigley, denying her continued clinical privileges and reappointment to the Medical Staff.

161.   Although she disputed the application of Section 10 to her appeal and disputes that she should even be required to appeal, with the MEC having waived its rights under Section 7, in order even to present her arguments and seek

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 31 of 92**

3AN-17-_____ CI
Page 31 of 48

reinstatement, Dr. Wrigley was obliged to timely appeal the PAMC Board's decision, with reference to Section 10 of the Revised 2016 Credentials Policy.

162.    She did so, having been stripped of any rights under Section 7.   In the fullness of her appeal, Dr. Wrigley pressed her objection to the MEC's assertion of its right simply to void the disposition and report of the FHP, an action taken outside of the contractual provision of Section 7 of the Policy that was in force during her active Medical Staff membership.

**Trustee Appellate Review**

163.    The Board convened an Appellate Review Committee at Dr. Wrigley's request on October 31, 2016.

164.    The Trustee Panel was comprised of two physicians: Beth Baker, M.D. and John Mues, M.D.   The Trustees charged these physicians with conducting a detailed review of the transcripts and medical records.   They did so.

165.    The Panel was also comprised of three members of the PAMC Board, including Sarah Barton, Joseph Faulhaber and Michelle Roy.    On information and belief, none of these individuals was charged with a detailed review of the transcripts.

166.    The two physicians charged with a close reading of the transcripts determined that the decision of the FHP was correct in that the recommendation of the MEC was not based on substantial evidence.    They recommended that the Board reverse the Hospital's position and reinstate Dr. Wrigley's privileges and appointment.

167.    Two community Board members who are not physicians disagreed and one abstained.

**Law Office of Paul D. Stockler**
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A**
**Page 32 of 92**

3AN-17-_____ CI
Page 32 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 32 of 92

168.   The PAMC Board rejected the reasoned opinion of the FHP and the two physician Trustees charged with review of the case.   Instead, it accepted the MEC recommendation and affirmed the non-renewal of Dr. Wrigley's Medical Staff appointment and the decision not to continue her clinical privileges at PAMC.

Defamatory Report by PAMC to the National Practitioner Data Bank

169.   On January 11, 2017, PAMC submitted a false and defamatory report regarding Dr. Wrigley to the National Practitioner Data Bank ("NPDB"), causing such a report to be published and available to health care facilities broadly.

170.   The NPDB is a federal information repository for reports related to medical malpractice payments and adverse actions against health care providers.

171.   Reports to NPDB are maintained as they were submitted by the reporting agency and are available to health care facilities considering granting privileges to any physician.

172.   In its report to the NPDB, PAMC states that it denied Dr. Wrigley's reappointment of clinical privileges on the basis of "SUBSTANDARD OR INADEQUATE CARE."

173.   Providence made this report aware that this statement is contrary to the findings of its own Fair Hearing Panel, which were not competently challenged, and is inconsistent with the view expressed by every expert and PAMC physician who served on the peer review panels charged with reviewing the decision at issue here.

174.   In its reasons for actions taken, PAMC states that "[f]ive cases in 2013 in which there were significant departures from acceptable practice patterns."

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 33 of 92**

3AN-17-_____ CI
Page 33 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 33 of 92

175. This statement too is false, materially contradicted by PAMC's own Fair Hearing Panel, which stated that "[t]he 2013 cases were reviewed in detail during the hearing herein and the Panel finds, based on the testimony of Dr. Wrigley's expert witnesses, Dr. James N. Martin and Dr. Morris Wortman, that Dr. Wrigley met the standard of care in these cases."

176. In its reasons for actions taken, PAMC also states that "several cases in 2015 in which the subject's attitude towards patient care and judgment raised concerns."

177. This statement, by implication and inference, is also false. No valid concerns were raised at the hospital level after having been properly vetted through departmental quality assurance mechanisms; and this statement, taken as true, would certainly not suggest that all cases reviewed appropriately were reviewed as having met the standard of care, and all cases reviewed externally were found to be appropriate, raising no concerns about Dr. Wrigley's attitude toward patient care or her judgment.

178. Dr. Wrigley has disputed this report to the NPDB but it has already been published.

179. The false report is damaging per se and has also caused – and continues to cause – damage to Dr. Wrigley and her professional reputation.

The Harm Caused By PAMC's Bad Faith, Malicious And Unreasonable Conduct

180. PAMC, as articulated above, by and through its employees, directors, agents and officers, including without limitation, its Chairs of the Department of

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 34 of 92**

3AN-17-_____ CI
Page 34 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 34 of 92

OB/GYN, its Credentials Committee, MEC and Board, have acted unreasonably and not in a good faith belief that their actions were in furtherance of quality health care.

181. PAMC, as articulated above, by and through its employees, directors, agents and officers, including without limitation, its Chairs of the Department of OB/GYN, its Credentials Committee, MEC and Board, have willfully disregarded efforts made to obtain facts in this matter, and have not afforded Dr. Wrigley fair and contractually appropriate procedures for the review of the actions taken against her.

182. PAMC, by and through its employees, directors, agents and officers, including without limitation, its Chairs of the Department of OB/GYN, its Credentials Committee, MEC and Board, has thus acted in bad faith and without any reasonable belief that its actions were warranted. Accordingly, Defendant's actions in not renewing Dr. Wrigley's privileges and her appointment to the active Medical Staff at PAMC in the OB/GYN Department are not entitled to protection under state or federal law.

183. PAMC, by and through its employees, directors, agents and officers, including without limitation, its Chairs of the Department of OB/GYN, its Credentials Committee, MEC and Board, engaged in conduct motivated by malice towards Dr. Wrigley. Dr. Wrigley has alleged facts showing the malice leveled against her by Defendants as well as that Defendants refused to ascertain the facts and/or to act based on known facts.

184. The persistent and willful misconduct of the Defendants has caused and continues to cause Dr. Wrigley significant economic harm, meaningfully limiting her

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 35 of 92**

3AN-17-_____ CI
Page 35 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 35 of 92

business opportunities and the patient population she is positioned to serve, as well as harm to her reputation and career trajectory, within Alaska and in several other states where Providence has a significant presence. The Defendants conduct has also caused and continues to cause her emotional distress and other consequential damages.

## COUNT I

### Breach of Contract

185. Dr. Wrigley realleges and incorporates the facts alleged above at Paragraphs 1 through 184.

186. Dr. Wrigley and Providence had contractual arrangements through which Dr. Wrigley practiced medicine and enjoyed Medical Staff privileges at PAMC.

187. Among others, these terms of the contract included the PAMC Credentials Policy, the MSOM, and the Medical Staff Bylaws ("MSB") in effect at the time of Dr. Wrigley's active Medical Staff appointment, that is, through August of 2015.

188. Dr. Wrigley performed under such contractual arrangements and triggered her fair hearing rights under the terms applicable.

189. As set forth above and incorporated herein by reference, Defendant breached its contractual obligations to Dr. Wrigley during her active Medical Staff appointment, in failing to renew that appointment, in stripping her of clinical privileges, and then in failing to honor and abide by the determination of the Fair Hearing Panel convened to consider her case.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 36 of 92**

3AN-17-_____ CI
Page 36 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 36 of 92

190. Also as pled above, Defendant's conduct in breach of its contractual obligations was willful, in bad faith and unreasonable.

191. Defendant's contractual breaches have damaged and continued to cause Plaintiff economic, reputational and other consequential damages, in an amount greatly exceeding $1 million, the exact amount to be proven at trial.

## COUNT II

### Breach of the Covenant of Good Faith and Fair Dealing

192. Dr. Wrigley realleges and incorporates the facts alleged in Paragraphs 1 through 191.

193. Every contract in the State of Alaska includes an implied covenant of good faith and fair dealing.

194. The covenant of good faith and fair dealing requires that a party to a contract not impair the right of the other party to receive the benefit of the contract.

195. The covenant also requires that each party act in a manner that a reasonable person would regard as fair.

196. As set forth above and incorporated herein by reference, Defendant breached its duty of good faith and fair dealing because it impaired Dr. Wrigley's rights to work under her agreement with PAMC and to enjoy the protections of the procedures in the Credentials Policy, MSOM, and MSB.

197. The Defendant breached the covenant of good faith and fair dealing by acting unreasonably, willfully and in bad faith.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 37 of 92**

3AN-17-_____ CI
Page 37 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 37 of 92

198.    Its misconduct has worked and continues to work a real and substantial unfairness upon Dr. Wrigley.

199.    Defendant's breach of the implied covenant of good faith and fair dealing has damaged Plaintiff in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT III

### Promissory Estoppel

200.    Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 199.

201.    Based on promises made and standard practice at PAMC, Dr. Wrigley expected that her care would be fairly and not disparately reviewed through appropriate and standard quality assurance mechanisms during her tenure as an active Member of the Medical Staff at PAMC.   She reasonably relied upon such promises.

202.    Based upon standard practice and promises made by the Defendant, Dr. Wrigley expected that the contractual terms set out for the fair hearing process during her tenure as a member of the PAMC Medical Staff, and as set forth upon the termination of her Medical Staff appointment and the non-renewal of her privileges, would be honored in her case, with the determination made by the Fair Hearing Panel respected, as it had been in all other cases presented to the Trustees after fair hearing review.  She reasonably relied on such promises.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 38 of 92**

3AN-17-_____ CI
Page 38 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 38 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

203.   Based upon standard practice and promises made by the Defendant, Dr. Wrigley expected that her fair hearing rights were perfected upon her appeal from the decision not to renew her privileges in August of 2015 and that Section 7 of the Credentials Policy would govern consideration of her case, as promised in communications in August and November of 2015.   She reasonably relied upon such promises.

204.   As set forth above and incorporated herein by reference, during her active Medical Staff appointment and during her fair hearing review, the Defendant violated the promises made to Dr. Wrigley upon which she had reasonably relied in ordering her professional affairs.

205.   Defendant's bad faith, unreasonable and/or willful violation of the promises made to Dr. Wrigley have caused and continue to cause her economic and other consequential damages, as well as emotional distress in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT IV

### Due Process

206.   Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 205.

207.   Dr. Wrigley's admitting privileges at PAMC were a constitutionally protected property interest that required PAMC to provide due process before she was deprived of them.

Linda Wrigley, M.D.  v.  PAMC
Complaint

**Exhibit A
Page 39 of 92**

3AN-17-_____ CI
Page 39 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 39 of 92

208. As set forth above and incorporated herein by reference, PAMC failed to employ fair procedures and, having failed to apply standards reasonably, instead applied them in a fashion that was arbitrary and capricious. Defendant further failed to apply established criteria objectively in this case.

209. Defendant, as set forth above, has failed to provide Dr. Wrigley with due process before taking action against her privileges.

210. PAMC has thus violated Plaintiff's constitutional due process rights in its review of her care, its rejection of the FHP disposition and report and in its ultimate insistence that her privileges not be renewed and her Medical Staff reappointment be denied.

211. As a result of Providence's violations of her due process rights, Dr. Wrigley has suffered injuries in the form of loss of her Medical Staff privileges, reputational harm, and lost income, in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT V

## Defamation

212. Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 211.

213. Defendant has made false and defamatory statements about Dr. Wrigley.

214. These statements include, but are not limited to:

• Reporting to the National Practitioner Data Bank that Dr. Wrigley's privileges were terminated for false reasons.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 40 of 92**

3AN-17-_____ CI
Page 40 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 40 of 92

- Making false reports to the Alaska State Medical Board about Dr. Wrigley.

- Presenting false evidence about Dr. Wrigley in PAMC Committees regarding Dr. Wrigley's cases, including but not limited to the Credentials Committee and Medical Executive Committee.

- Presenting false evidence about Dr. Wrigley before the Fair Hearing Panel, the Appellate Review Committee, and the PAMC Board.

- Taking unwarranted action at PAMC against Dr. Wrigley's privileges at PAMC that required Dr. Wrigley to self-publish false and defamatory information by making reports at Alaska Regional.

215.   These statements were not privileged and constitute per se defamation because they are intended to injure Dr. Wrigley's professional reputation as a physician and ability to continue in her profession.

216.   Defendant's defamatory statements damaged Plaintiff in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT VI

## Intentional Infliction of Emotional Distress

217.   Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 216.

218.   The Defendant has engaged in extreme and outrageous conduct by leveling false and unfounded allegations about Dr. Wrigley's competence to practice medicine, the care she provides for her patients, by waging a prolonged campaign to

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 41 of 92**

3AN-17-_____ CI
Page 41 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 41 of 92

revoke her privileges at PAMC, interfering with her business expectancies, and by reporting false information to state and national authorities.

219.    As a result of Defendant's conduct, Dr. Wrigley has suffered economic and other consequential damages as well as severe emotional distress.

220.    Defendant's conduct has damaged Plaintiff in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT VII

## Antitrust—Unlawful Restraint of Trade under AK. Stat. 45.50.562

221.    Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 – 220.

222.    As set forth herein, Dr. Wrigley engages in trade, as an OB/GYN physician in private practice, offering services in obstetrics and gynecology, as well as midwifery services through her practice.  At times relevant, Dr. Wrigley's intention to expand her business and grow her practice as an OB/GYN physician, providing midwife services as well, in and around Anchorage, Alaska, was made evident to PAMC.

223.    Her planned practice growth was not consistent with PAMC's own business model for providing such services, including its goal of consolidating the market by moving to employ an increasing number of its physicians.

224.    PAMC entered an unlawful and unreasonable agreement, combination or conspiracy with OBHG Alaska P.C., its partner in developing and Ob-Gyn Hospitalist

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 42 of 92**

3AN-17-_____ CI
Page 42 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 42 of 92

program at PAMC, to attack and ultimately destroy Dr. Wrigley's ability to practice medicine at PAMC.

225.   Dr. Wrigley's own efforts were thus met with a sustained and improper campaign on the part of the Defendant designed, in violation of anti-trust laws, to unreasonably restrain competition by, among other things, damaging Dr. Wrigley's reputation, engaging in disparate and unwarranted reviews, and ultimately denying Dr. Wrigley reappointment and determining not to renew her clinical privileges at PAMC, while triggering false reports to the regulatory bodies.

226.   The relevant market is that for OB/GYN physician and midwife services in and around Anchorage, Alaska.

227.   Competition within that market has been harmed by the elimination of Dr. Wrigley and her midwife as a competitor with other doctors with privileges at PAMC, damage to her professional reputation within that market, and, by eliminating Dr. Wrigley and her employment of a midwife to drive down costs and compete with other physicians on her less complicated cases.

228.   Defendant's conduct has caused and continues to cause Plaintiff economic and other consequential damage as well as other damages in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT VIII

## Alaska Unfair Trade Practices Act

229.   Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 228.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 43 of 92**

3AN-17-_____ CI
Page 43 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 43 of 92

230. Defendant is engaged in trade or commerce.

231. In conducting its trade or commerce, Defendant has committed unfair acts or practices.

232. Specifically, Defendant has violated UTPA Sec. 45.50.471(7) by "disparaging the goods, services, or business of [Dr. Wrigley] by false or misleading representation of fact."

233. Defendant has also violated UTPA Sec. 45.50.471(11) by "engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services."

234. Defendant's conduct in baselessly attacking Dr. Wrigley's medical practice and professional reputation falls within established concepts of unfairness.

235. Defendant's conduct is immoral, unethical, oppressive, and unscrupulous.

236. Defendant's conduct has caused injury to consumers by reducing competition as well as to Dr. Wrigley and her medical practice.

237. Defendant's conduct has caused and continues to cause Plaintiff economic and other consequential damages as well as other damages in an amount exceeding $1 million, the exact amount to be proven at trial.

## COUNT IX

### Intentional Interference with Contract

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 44 of 92**

3AN-17-_____ CI
Page 44 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 44 of 92

238.  Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 237.

239.  A contractual relationship existed between Dr. Wrigley and PAMC through which she was a member of the Medical Staff and had privileges.

240.  Defendant knew of this contractual relationship and intended to induce its breach.

241.  The contract between Dr. Wrigley and PAMC was breached, and Defendants' conduct engendered its breach.

242.  The breach of the contract caused Dr. Wrigley's damages, and the conduct of Defendants' was not privileged or justified.

## COUNT X

### Intentional Interference with Prospective Economic Advantage

243.  Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 242.

244.  Dr. Wrigley had a prospective economic advantage in the renewal of her Medical Staff membership and privileges at PAMC.

245.  Defendant was aware of the Plaintiff's prospective economic advantage, which was not realized because Dr. Wrigley's privileges and Medical Staff membership were terminated.

246.  Defendant's conduct interfered in the Plaintiffs' prospective advantage by intentionally relying on insufficient evidence and manipulating the applicable procedures to terminate Dr. Wrigley's privileges and Medical Staff membership.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A
Page 45 of 92**

3AN-17-_____ CI
Page 45 of 48

Case 3:17-cv-00196-TMB    Document 1-1    Filed 09/07/17    Page 45 of 92

247. The cause of the Plaintiffs' damages was the wrongful conduct of the Defendant, which was not privileged or justified.

## COUNT XI

### Punitive Damages

248. Dr. Wrigley realleges and incorporates by reference all facts set forth in Paragraphs 1 - 247.

249. Defendant's conduct was outrageous, including acts done with malice or bad motives.

250. Defendant's conduct evidenced reckless indifference to the interest of plaintiff.

251. The conduct of the Defendant is such that an award of punitive damages is appropriate.

252. Defendants' conduct warrants the imposition of punitive damages in an amount exceeding $1 million, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

1. Reinstatement of clinical privileges in the OB/GYN Department at PAMC and of her appointment as a member of the Medical Staff at PAMC.

2. For compensatory damages in excess of $1 million, the exact amount to be proven at trial, including, but not limited to, loss of income, loss of earning potential, future lost wages, emotional distress, loss of enjoyment of life, and pain and suffering.

3. For punitive damages in the fullest amount permitted by law, with the exact amount to be proven at trial.

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 46 of 92**

3AN-17-_____ CI
Page 46 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 46 of 92

4. For treble damages under the UTPA and the AK. Stat. 45.50.562.

5. An order enforcing the disposition and report of the Fair Hearing Panel and ordering Dr. Wrigley be reinstated to the Medical Staff of PAMC.

6. An order awarding Plaintiff her costs, interest, and actual attorney's fees incurred in defending herself before the FHP and the Appellate Review Committee and in bringing this action.

7. An order that PAMC withdraw and correct defamatory information reported to the National Practitioner Data Bank.

8. A declaration that Defendant's conduct was unlawful and that the attacks on Dr. Wrigley lacked a factual basis.

9. For such other and further relief as this court may deem just and equitable in the premises.


DATED this 31st day of July, 2017 at Anchorage, Alaska.

BURNS & LEVINSON LLP
Attorney for Plaintiffs

By:_____
Ellen J. Zucker
BBO No. 568051
(Application to be admitted pro hac vice submitted on this date)

//

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 47 of 92**

3AN-17-_____ CI
Page 47 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 47 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

DATED this 31st day of July, 2017 at Anchorage, Alaska.

LAW OFFICE OF PAUL D. STOCKLER
Attorney for Plaintiffs

By: _____
Paul D. Stockler
Alaska Bar No.: 8606032

Linda Wrigley, M.D. v. PAMC
Complaint

**Exhibit A**
**Page 48 of 92**

3AN-17-_____ CI
Page 48 of 48

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 48 of 92

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

                    Plaintiffs,

vs.

PROVIDENCE HEALTH & SERVICES -
WASHINGTON, PROVIDENCE ALASKA
MEDICAL CENTER, and PROVIDENCE
COMMUNITY MINISTRY BOARD,

                    Defendant.

CASE NO.:  3AN-17-_____ CI

**COPY**
**Original Received**

JUL 3 1 2017

Clerk of the Trial Courts

## DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Linda Wrigley, M.D. and Alaska OB-GYN Associates, LLC, by and through counsel, and, pursuant to Alaska Civil Rule 38, hereby demand a trial by jury in the above-entitled action.

DATED this 31st day of July, 2017 at Anchorage, Alaska.

BURNS & LEVINSON LLP
Attorney for Plaintiffs

By:_____
Ellen J. Zucker
BBO No. 568051
(Application to be admitted pro hac vice submitted on this date)

//

Linda Wrigley, M.D. v. PAMC
Demand for Jury Trial

**Exhibit A**
**Page 49 of 92**

3AN-17-_____ CI
Page 1 of 2

DATED this 31st day of July, 2017 at Anchorage, Alaska.

LAW OFFICE OF PAUL D. STOCKLER
Attorney for Plaintiffs

By:_____
Paul D. Stockler
Alaska Bar No.: 8606032

Linda Wrigley, M.D. v. PAMC
Demand for Jury Trial

**Exhibit A**
**Page 50 of 92**

3AN-17-_____ CI
Page 2 of 2

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 50 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**
**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

|  |  |
|---|---|
| LINDA WRIGLEY, M.D., ALASKA OB-GYN ASSOCIATES, LLC | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) CASE NO.: 3AN-17-**08209 CI** ) |
| PROVIDENCE HEALTH & SERVICES-WASHINGTON, PROVIDENCE ALASKA MEDICAL CENTER, PROVIDENCE COMMUNITY MINISTRY BOARD | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## MOTION TO APPEAR PRO HAC VICE ON BEHALF OF PLAINTIFFS

The undersigned, Ellen J. Zucker, moves pursuant to Alaska Rules of Civil Procedure, Rule 81(a)(2), for leave to appear pro hac vice as co-counsel on behalf of Plaintiffs, to participate in this litigation in all respects, with the exceptions provided in such rule.

In support of this motion, movant demonstrates that she is counsel for the Plaintiffs, and that she was admitted to the Massachusetts Bar in 1994. Paul Stockler, who is Plaintiffs' local Alaska counsel of record, has consented hereto and his signature indicating such approval is included herewith. Appended in support of this motion are the following documents which are attached as exhibits:

1.     Certificate of Good Standing from the Commonwealth of Massachusetts, in accordance with Alaska Civil Rule 81(1)(2); and

2.     The proof of payment of the required fee to the Alaska Bar Association.

Alaska counsel with whom movant will be associated in this litigation, and who is authorized to practice in the courts of this state, is Paul D. Stockler, 4200 Lake Otis Parkway, Suite 105, Anchorage, AK 99508.

DATED this 26th day of July, 2017.

BURNS & LEVINSON LLP
Co-Counsel for Plaintiffs

Ellen J. Zucker
Massachusetts BBO# 568051

## CONSENT OF ALASKA COUNSEL

I, hereby consent to this motion on this 31st day of July, 2017.

LAW OFFICES OF PAUL D. STOCKLER
Counsel for Plaintiffs

Paul D. Stockler
Alaska Bar No.: 8606032

4815-1587-4636.1

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

————

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston within and for said County of Suffolk, on the **twenty-first** day of **December** A.D. **1994**, said Court being the highest Court of Record in said Commonwealth:

## Ellen J. Zucker

being found duly qualified in that behalf, and having taken and subscribed the oaths required by law, was admitted to practice as an Attorney, and, by virtue thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth: that said Attorney is at present a member of the Bar, and is in good standing according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, this **nineteenth** day of **July** in the year of our Lord **two thousand and seventeen.**



MAURA S. DOYLE, Clerk

\* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification.
X3116

**Exhibit A**
**Page 53 of 92**



7/31/2017

# Rule 81: Pro Hoc Vice Receipt

Ellen J. Zucker
Membership Number: NA18991

Associated w/ Paul Stockler
AK Bar No. 8606032

Case No.     3AN-17-08209 CI

| | |
|---|---|
| Annual Fee | $660.00 |
| Date payment processed | 7/31/2017 |
| Total Paid by Visa #5070 | $660.00 |

Completed by: Josie Davis

  Should you have any questions please do not hesitate to contact this office.

Alaska Bar Association
PO Box 100279 *  Anchorage, AK 99510-0279
Phone: (907) 272-7469 * Fax (907) 272-2932 *  E-mail: Info@alaskabar.org

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LINDA WRIGLEY, M.D. and ALASKA OB-GYN ASSOCIATES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| PROVIDENCE HEALTH & SERVICES - WASHINGTON, PROVIDENCE ALASKA MEDICAL CENTER, and PROVIDENCE COMMUNITY MINISTRY BOARD, | ) ) ) ) ) |
| Defendant. | ) ) |

CASE NO.: 3AN-17-08209 CI

## ORDER GRANTING MOTION TO APPEAR PRO HAC VICE
## ON BEHALF OF PLAINTIFFS

This matter having come before the Court on Ellen J. Zucker's Motion to Appear Pro Hac Vice on Behalf of Plaintiffs;

IT IS SO ORDERED, Ellen J. Zucker will be allowed to appear pro hac vice as co-counsel on behalf of Plaintiffs, Linda Wrigley, M.D. and Alaska OB-GYN Associates, LLC, to participate in this litigation in all respects, with the exceptions provided in Rule 81(a)(2).

DATED this _____ day of _____, 2017.

_____
Judge of the Superior Court

Linda Wrigley, M.D. v. PAMC
Order Granting Motion to Appear Pro Hac Vice on Behalf of Plaintiffs

**Exhibit A**
**Page 55 of 92**

3AN-17-08209 CI
Page 1 of 1

LINDA WRIGLEY, M.D., et al.

             Plaintiff(s),

vs.

CASE NO. 3AN-17- 08209 CI

PROVIDENCE HEALTH & SERVICES-WASHINGTON, et al.,

             Defendant(s).

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: PROVIDENCE HEALTH & SERVICES-WASHINGTON

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) LAW OFFICE OF PAUL D. STOCKLER , whose address is: 4200 LAKE OTIS PARKWAY, SUITE 105, ANCHORAGE, AK 99508

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge MILLER and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____

CLERK OF COURT

7-31-17
Date

By: _____
Deputy Clerk

I certify that on 7-31-17 a copy of this Summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

               Plaintiffs,

vs.

PROVIDENCE HEALTH
& SERVICES-WASHINGTON d/b/a
PROVIDENCE ALASKA MEDICAL
CENTER and PROVIDENCE ALASKA
COMMUNITY MINISTRY BOARD,

               Defendant.

Case No. 3AN-17-08209 CI

## **ENTRY OF APPEARANCE**

      Chester D. Gilmore, of the law firm of Cashion Gilmore LLC, hereby enters

his appearance for Providence Health & Services – Washington d/b/a Providence

Alaska Medical Center and the Providence Alaska Community Ministry Board. All

pleadings, papers, etc. should be served on counsel as identified below.

                     CASHION GILMORE LLC
                     Attorneys for Providence Health & Servs.

DATE  8/3/17

                     Chester D. Gilmore
                     Alaska Bar No. 0405015

**Cashion Gilmore LLC**
1007 W. 3rd Ave., Suite 301
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

**Exhibit A**
**Page 57 of 92**

Page 1 of 2

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was faxed/mailed/hand-delivered on the 4th day of August 2017 to:

Paul D. Stockler
Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, AK 99508

Ellen J. Zucker
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624

By: _____

Cashion Gilmore LLC
1007 W. 3rd Ave., Suite 301
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

Page 2 of 2

**Exhibit A**
**Page 58 of 92**

**Cashion Gilmore LLC**
1007 W. 3rd Ave., Suite 301
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

                Plaintiffs,

vs.

PROVIDENCE HEALTH
& SERVICES-WASHINGTON d/b/a
PROVIDENCE ALASKA MEDICAL
CENTER and PROVIDENCE ALASKA
COMMUNITY MINISTRY BOARD,

                Defendant.

Case No. 3AN-17-08209 CI

## **DEMAND FOR JURY TRIAL**

    Providence Health & Services – Washington d/b/a Providence Alaska Medical Center and Providence Alaska Community Ministry Board, by and through counsel, hereby demands a jury trial in the above-captioned action.

                            CASHION GILMORE LLC
                            Attorneys for Providence Health & Servs.

DATE   8/3/17

                            Chester D. Gilmore
                            Alaska Bar No. 0405015

**Exhibit A**
**Page 59 of 92**

**Cashion Gilmore LLC**
1007 W. 3rd Ave., Suite 301
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of this document was faxed/mailed/hand-delivered on the __4th__ day of August 2017 to:

Paul D. Stockler
Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, AK 99508

Ellen J. Zucker
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624

By: _____

Page 2 of 2

**Exhibit A**
**Page 60 of 92**

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA

AT ANCHORAGE

LINDA WRIGLEY, M.D., et al.

                     Plaintiff/Petitioner,

vs.

PROVIDENCE HEALTH & SERVICES --
WASHINGTON, et al.

                     Defendant/Respondent.

CASE NO. 3AN-17-08209 CI

NOTICE OF CHANGE OF
◉ JUDGE ◉ MAGISTRATE JUDGE
(Peremptory Challenge)

The ☐ plaintiff/petitioner ◉ defendant/respondent in this case peremptorily challenges the
assignment of ◉ Judge ☐ Magistrate Judge _____MILLER_____
pursuant to Civil Rule 42(c) or Criminal Rule 25(d).

Names and addresses of all parties (or their attorneys) in this case are as follows (please attach
additional sheet if necessary):

Linda Wrigley, M.D. and Alaska Ob-Gyn Associates, LLC c/o Paul Stockler, 4200 Lake Otis
Parkway, Suite 105; Ellen Zucker, Burns &Levinson LLP, 125 Summer St.; Boston, MA
02110-1624

I certify that a copy of this *Notice* was sent to each of the persons listed above.

| 8/4/17 | |
|---|---|
| Date | Signature of Party or Attorney |
| | Chester Gilmore |
| | Type or Print Name |

**FOR COURT USE ONLY**

Notice is ☐ timely ☐ not timely
☐ A peremptory challenge has not previously been filed.
☐ A peremptory challenge was previously filed by:
    ☐ plaintiffs/petitioners ☐ defendants/respondents

| | |
|---|---|
| Date | Clerk / Judge |

**ORDER**

☐ This case is reassigned to ☐ Judge ☐ Magistrate Judge _____
☐ This *Notice of Change of Judge* is not approved because:
    ☐ It is not timely.
    ☐ Other: _____

| | |
|---|---|
| Date | Judge / Clerk |
| | Type or Print Name |

I certify that on _____,
a copy of this order was sent to:
☐ Judge/Mag.Judge_____
☐ Judge/Mag.Judge _____
☐ Parties/Attys_____
Clerk: _____

CALENDARING NOTICE

TRIAL DATE _____
CALENDAR CALL _____
LOCATION:_____

Exhibit A
Page 61 of 92

TF-935 (5/13)(cs)
NOTICE OF CHANGE OF JUDGE

Civil R. 42(c)
Crim. R. 25(d)

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _____ANCHORAGE_____

LINDA WRIGLEY, M.D., et al.

                    Plaintiff/Petitioner,

vs.

PROVIDENCE HEALTH & SERVICES --
WASHINGTON, et al.

                    Defendant/Respondent.

CASE NO. 3AN-17-08209 CI

NOTICE OF CHANGE OF
◉ JUDGE ☐ MAGISTRATE JUDGE
(Peremptory Challenge)

The ☐ plaintiff/petitioner ◉ defendant/respondent in this case peremptorily challenges the
assignment of ◉ Judge ☐ Magistrate Judge _____MILLER_____
pursuant to Civil Rule 42(c) or Criminal Rule 25(d).

Names and addresses of all parties (or their attorneys) in this case are as follows (please attach
additional sheet if necessary):

Linda Wrigley, M.D. and Alaska Ob-Gyn Associates, LLC c/o Paul Stockler, 4200 Lake Otis
Parkway, Suite 105; Ellen Zucker, Burns &Levinson LLP, 125 Summer St.; Boston, MA
02110-1624

I certify that a copy of this *Notice* was sent to each of the persons listed above.

| | |
|---|---|
| 8/4/17 | |
| Date | Signature of Party or Attorney |
| | Chester Gilmore |
| | Type or Print Name |

### FOR COURT USE ONLY

Notice is ☑ timely    ☐ not timely
☑ A peremptory challenge has not previously been filed.
☐ A peremptory challenge was previously filed by:
   ☐ plaintiffs/petitioners    ☐ defendants/respondents

08|07| 2017
Date

Clerk / Judge

### ORDER

☑ This case is reassigned to ☑ Judge ☐ Magistrate Judge _WALKER_
☐ This *Notice of Change of Judge* is not approved because:
   ☐ It is not timely.
   ☐ Other: _____

08/07/2017
Date

Judge / Clerk
JACQUELINE    LEATIGAGA
Type or Print Name

I certify that on _08/07/2017_,
a copy of this order was sent to:
☑ Judge/Mag. Judge _MILLER_
☑ Judge/Mag. Judge _WALKER_
☑ Parties/Attys _STOCKLER & GILMORE_
Clerk: _____

CALENDARING NOTICE

TRIAL DATE _____
CALENDAR CALL _____
LOCATION: _____

**Exhibit A**
~~Page 62 of 92~~

TF-935 (5/13)(cs)
NOTICE OF CHANGE OF JUDGE                                    Civil R. 42(c)
Criminal R. 25(d)

Case 3:18-cv-00096-TMB   Document 1-1   Filed 09/07/17   Page 62 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

JUL 31 2017

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

              Plaintiffs,

    vs.

PROVIDENCE HEALTH & SERVICES -
WASHINGTON, PROVIDENCE ALASKA
MEDICAL CENTER, and PROVIDENCE
COMMUNITY MINISTRY BOARD,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
) CASE NO.: 3AN-17-08209 CI

## ORDER GRANTING MOTION TO APPEAR PRO HAC VICE
## ON BEHALF OF PLAINTIFFS

This matter having come before the Court on Ellen J. Zucker's Motion to Appear Pro Hac Vice on Behalf of Plaintiffs;

IT IS SO ORDERED, Ellen J. Zucker will be allowed to appear pro hac vice as co-counsel on behalf of Plaintiffs, Linda Wrigley, M.D. and Alaska OB-GYN Associates, LLC, to participate in this litigation in all respects, with the exceptions provided in Rule 81(a)(2).

DATED this _8_ day of _August_ , 2017.

I certify that on _8-8-17_ a copy
of the following was mailed/faxed/hand-delivered
to each of the following at their addresses of record.

_____
Administrative Assistant

P. Stockler - C. Gilmore

Linda Wrigley, M.D. v. PAMC
Order Granting Motion to Appear Pro Hac Vice on Behalf of Plaintiffs

_____
Judge of the Superior Court

3AN-17-08209 CI
Page 1 of 1

**Exhibit A**
**Page 63 of 92**

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

Linda Wrigley, M.D.

Plaintiff(s),

CASE NO: <u>3AN-17-08209Cl</u>

vs.

Providence Health & Services,
Washington,

Defendant(s).

**INITIAL PRETRIAL ORDER**

Pursuant to the Uniform Pretrial Order Administrative Order 3AO-03-04 (Amended), and Administrative Order 3AO-09-14, this Court hereby issues the Initial Pretrial Order in this case.

### Routine Pretrial Order

The parties shall discuss among themselves possible trial dates and the expected length of trial. Within **15 days** after distribution of the Initial Pretrial Order, the parties shall jointly submit a list of three trial dates that are each approximately **12 months** from the date of the Initial Pretrial Order. The submission to the Court should also state the approximate number of trial days the parties believe will be required. A Routine Pretrial Order will be issued based on the parties' report in accordance with the Uniform Pretrial Order.

### Initial Disclosures

Unless an earlier date is or has been agreed to by the parties, initial disclosures required under Alaska Civil Rule 26(a)(1) shall be served not later than **30 days** after distribution of the Initial Pretrial Order.

### Alternative Dispute Resolution

Not later than **45 days** after distribution of the Initial Pretrial Order, each attorney will discuss with his or her client(s) the possibility of settling this case (or portions of the case) through mediation, conference, arbitration, or other alternative to litigation. Not later than **60 days** from the date of this order, the parties or their attorneys shall meet to discuss whether some form of alternative dispute resolution can be agreed on. Whenever practical, the parties are encouraged to meet in person instead of by phone.

8/8/2017
Effective Date

Herman G Walker Jr
Superior Court Judge

I certify that on   8/8/2017
a copy of this order was emailed to:
   Paul D. Stockler
   Chester Gilmore

LGreene, Administrative Assistant

**Exhibit A**
**Page 64 of 92**

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA ) 
OB-GYN ASSOCIATES, LLC, )
                                )
                    Plaintiffs, )
                                )
vs.                             )
                                )
PROVIDENCE HEALTH & SERVICES -  )
WASHINGTON, PROVIDENCE ALASKA   )
MEDICAL CENTER, and PROVIDENCE  )
COMMUNITY MINISTRY BOARD,       )
                                )
                    Defendant.  )
_____) CASE NO.:  3AN-17-08209 CI

## NOTICE OF CHANGE OF JUDGE

The Plaintiffs, Linda Wrigley, M.D. and Alaska OB-GYN Associates, LLC, by and through counsel, peremptorily challenge the assignment of Judge Herman Walker pursuant to Civil Rule 42(c).

Undersigned certifies that a copy of this Notice and the accompanying proposed order were sent to all parties involved as indicated in the below certificate of service.

DATED this 9th day of August, 2017 at Anchorage, Alaska.

BURNS & LEVINSON LLP
Attorney for Plaintiffs

By: _____
      Ellen J. Zucker
      BBO No. 568051

//

Linda Wrigley, M.D. v. PAMC
Notice of Change of Judge

**Exhibit A**
**Page 65 of 92**

3AN-17-08209 CI
Page 1 of 2

DATED this 9th day of August, 2017 at Anchorage, Alaska.

LAW OFFICE OF PAUL D. STOCKLER
Attorney for Plaintiffs

By: _____
Paul D. Stockler
Alaska Bar No.: 8606032

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day
of August, 2017, a true and correct
copy of the foregoing document was
served mail on the following:

Chester D. Gilmore
Cashion Gilmore, LLC
1007 W. 3rd Avenue, Suite 301
Anchorage, Alaska  99501

_____
Scott G. LeFebvre

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Notice of Change of Judge

**Exhibit A**
**Page 66 of 92**

3AN-17-08209 CI
Page 2 of 2

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 66 of 92

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,                )
                                       )
                                       )
                   Plaintiffs,         )
                                       )
        vs.                            )
                                       )
PROVIDENCE HEALTH & SERVICES -         )
WASHINGTON, PROVIDENCE ALASKA          )
MEDICAL CENTER, and PROVIDENCE         )
COMMUNITY MINISTRY BOARD,              )
                                       )
                   Defendant.          )
_____) CASE NO.:  3AN-17-08209 CI

### ORDER REGARDING NOTICE OF CHANGE OF JUDGE

This matter having come before the Court on Plaintiffs' Notice of Change of Judge;

IT IS SO ORDERED, this case is reassigned to Judge _____

DATED this _____ day of _____, 2017.


_____
Judge / Clerk of the Superior Court

//

Linda Wrigley, M.D.  v.  PAMC
Order Regarding Notice of Change of Judge

**Exhibit A**
**Page 67 of 92**

3AN-17-08209 CI
Page 1 of 2

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

1

2

### CERTIFICATE OF SERVICE

3

I hereby certify that on the 9th day
of August, 2017, a true and correct
copy of the foregoing document was
served mail on the following:

4

5

6

Chester D. Gilmore
Cashion Gilmore, LLC
1007 W. 3rd Avenue, Suite 301
Anchorage, Alaska  99501

7

8

9

10

11

Scott G. LeFebvre

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Linda Wrigley, M.D.  v.  PAMC
Order Regarding Notice of Change of Judge

**Exhibit A**
**Page 68 of 92**

3AN-17-08209 CI
Page 2 of 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA 2017 AUG 10 PM 3:44

THIRD JUDICIAL DISTRICT AT ANCHORAGE CLERK TRIAL COURTS

BY:_____
DEPUTY CLERK

| | |
|---|---|
| LINDA WRIGLEY, M.D. and ALASKA OB-GYN ASSOCIATES, LLC, | ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| PROVIDENCE HEALTH & SERVICES - WASHINGTON, PROVIDENCE ALASKA MEDICAL CENTER, and PROVIDENCE COMMUNITY MINISTRY BOARD, | ) ) ) ) ) |
| Defendant. | ) ) |

CASE NO.: 3AN-17-08209 CI

**RULE 4(f) AFFIDAVIT OF SERVICE**

STATE OF ALASKA      )
                     ) ss:
THIRD JUDICIAL DISTRICT  )

Paul D. Stockler, being first duly sworn upon his oath, deposes and states:

1.    That I am co-counsel for Plaintiffs, Linda Wrigley, M.D. and Alaska OB-GYN Associates, LLC, in the above-captioned action;

2.    That on August 7, 2017, true and correct copies of the Complaint and Summons were served upon Business Filings Incorporated, the registered agent for Defendant, Providence Health & Services - Washington, via USPS Certified Mail. A copy of the Domestic Return Receipt is attached hereto as Exhibit A.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

//

Linda Wrigley, M.D. v. PAMC
Rule 4(f) Affidavit of Service

3AN-17-08209 CI
Page 1 of 2

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

**Exhibit A**
**Page 69 of 92**

DATED this 10th day of August, 2017 at Anchorage, Alaska.

LAW OFFICE OF PAUL D. STOCKLER
Attorney for Plaintiffs

By: _____
Paul D. Stockler
Alaska Bar No.: 8606032

SUBSCRIBED AND SWORN before me this 10th day of August, 2017.

_____
Notary Public in and for the State of Alaska
My Commission Expires: MAY 7, 2018

Law Office of Paul D. Stockler
4200 Lake Otis Parkway, Suite 105
Anchorage, Alaska 99508
(907) 277-8564 fax (907) 272-4877

Linda Wrigley, M.D. v. PAMC
Rule 4(f) Affidavit of Service

3AN-17-08209 CI
Page 2 of 2

**Exhibit A**
**Page 70 of 92**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 If Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _M Collins_     □ Agent
               □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   M Collins                      8/7/7

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:       □ No

1. Article Addressed to:

PROVIDENCE HEALTH & SERVICES-WA
C/O BUSINESS FILINGS INCORPORATED
9360 GLACIER HWY., SUITE 202
JUNEAU, ALASKA 99801

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   ■ Yes

2. Article Number
   (Transfer from service label)   7009 0960 0000 3777 9989

PS Form 3811, February 2004         Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-

• Sender: Please print your name, address, and ZIP+4 in this box •

**Law Office of Paul D. Stockler**
**4200 Lake Otis Pkwy, Ste. 105**
**Anchorage, Alaska 99508**

3AN-17-08209 CI  WEIGLEY v. PAMC

Exhibit ___A___

Page __1__ of __1__

**Cashion Gilmore LLC**
1007 W. 3rd Ave., Suite 301
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

Plaintiffs,

vs.

PROVIDENCE HEALTH
& SERVICES-WASHINGTON d/b/a
PROVIDENCE ALASKA MEDICAL
CENTER and PROVIDENCE ALASKA
COMMUNITY MINISTRY BOARD,

Defendant.

Case No. 3AN-17-08209 CI

## JOINT SUBMISSION OF TRIAL DATES

Pursuant to the Initial Pretrial Order, the parties have met and conferred and request the Court schedule a 4-week (sixteen regular trial days) jury trial in this matter to begin on September 24, October 1, or October 8, 2018. Undersigned represents to the Court that the attorneys for Dr. Wrigley have reviewed this joint submission and agree to its content.

CASHION GILMORE LLC
Attorneys for Providence Health & Servs.

DATE 8/17/17

Chester D. Gilmore
Alaska Bar No. 0405015

Page 1 of 2

Cashion Gilmore LLC
1007 W. 3rd Ave., Suite 301
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

1

## CERTIFICATE OF SERVICE

2    I certify that a copy of this document was faxed/mailed/hand-
delivered on the __17__ day of August 2017 to:

3

Paul D. Stockler
Law Office of Paul D. Stockler
4    4200 Lake Otis Parkway, Suite 105
Anchorage, AK 99508

5

Ellen J. Zucker
Burns & Levinson LLP
6    125 Summer Street
Boston, MA 02110-1624

7

8    By:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Page 2 of 2

**Exhibit A**
**Page 73 of 92**

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LINDA WRIGLEY, M.D. and ALASKA OB-GYN ASSOCIATES, LLC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PROVIDENCE HEALTH & SERVICES-WASHINGTON d/b/a/ PROVIDENCE ALASKA MEDICAL CENTER and PROVIDENCE ALASKA COMMINITY MINISTRY BOARD, | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

Case No. 3AN-1708209CI

## ROUTINE PRETRIAL ORDER

Pursuant to the Uniform Pretrial Order "UPO"; Administrative Order 3AO-03-04

this court hereby issues the Routine Pretrial Order in this case.

## Trial Date

Trial is scheduled to commence at 8:30 a.m. on **September 24, 2018** before Judge

Andrew Guidi in courtroom 504 of the Nesbett Courthouse, 825 W. 4th Ave., Anchorage,

Alaska. *Other cases are also set at this time. The sequence of trials will be determined at a later date.

## Trial Length/Division

Trial will last 16 trial days, divided between the parties as follows: Plaintiff – 8

trial days and Defendant – 8 trial days. The trial day allocation includes each party's

**Exhibit A**
**Page 74 of 92**

opening statement, witness examination (including cross-examination of other parties'
witnesses) and closing statement.

## Jury

A jury trial has been timely requested by a party. The jury will consist of 12
persons and 1 alternate.

### Summary of Pretrial Deadlines

The following is a <u>summary</u> of the deadlines imposed by the Routine Pretrial
Order. The parties and their attorneys are responsible for reading and following the
Alaska Civil Rules and the UPO, which contain the detailed requirements associated with
these deadlines. The dates listed are based on the foregoing trial date. These dates
remain the same even if the actual trial date changes, unless otherwise ordered by this
court. If any of the following dates fall on a Saturday, Sunday, or a legal holiday in
which the court is closed, the next business day will apply.

| | |
|---|---|
| **Move to Amend RPO** | **October 17, 2017** |
| **Amend Pleadings and Join Parties without Motion** | **September 27, 2017** |
| **Preliminary Witness Lists** | **April 17, 2018** |
| **Retained Expert ID** | **April 17, 2018** |
| **Supplemental Retained Expert ID** | **May 1, 2018** |

Routine Pretrial Order
Case No.: 3AN-CI
Page 2 of 4

### Exhibit A

| | |
|---|---|
| **Final Date to Serve Written Discovery** | **May 15, 2018** |
| **Other Expert Opinion Testimony Summary** | **May 22, 2018** |
| **Retained Expert Reports** | **May 29, 2018** |
| **Final Date to Depose Lay Witnesses** | **June 26, 2018** |
| **Dispositive and Rule of Law Motions** | **June 26, 2018** |
| **Final Date to Depose Expert Witnesses** | **July 24, 2018** |
| **Discovery Motions** | **July 24, 2018** |
| **Deposition/Telephonic Designations** | **August 7, 2018** |
| **Deposition Objections/ Counter – Designations** | **August 21, 2018** |
| **Other Motions** | **August 14, 2018** |
| **Objections to Deposition Counter – Designations** | **August 21, 2018** |
| **Serve Jury Instructions/Exhibits** | **August 21, 2018** |
| **Meet Re Jury Instructions/Exhibits** | **August 28, 2018** |
| **Trial Briefs** | **September 4, 2018** |
| **Objections Re Jury Instructions/Exhibits** | **September 4, 2018** |
| **Plaintiff's Final Witness List** | **September 4, 2018** |
| **Defendant's Final Witness List** | **September 8, 2018** |
| **Trial Call 9/13/18 at 2:30 p.m.** | |
| **File Jury Instructions** | **September 11, 2018** |

Routine Pretrial Order
Case No.: 3AN-CI
Page 3 of 4

**Exhibit A
Page 76 of 92**

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 76 of 92

**File Joint Exhibit List with Clerk**        **September 18, 2018**

**Parties shall attend all hearings in person unless excused by the Court in advance by filing a request in writing.**

IT IS SO ORDERED this 2nd day of August 2017, at Anchorage, Alaska.

Andrew Guidi
Andrew Guidi
Superior Court Judge

I certify that on 8/22/17
a copy of the above was sent to:
P. Stockler
C. Gilmore
C.McNeese, Judicial Assistant

Routine Pretrial Order
Case No.: 3AN-CI
Page 4 of 4

**Exhibit A**
**Page 77 of 92**

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 77 of 92

Douglas C. Ross, WA Bar No. 12811
Elizabeth P. Hodes, AK Bar No. 0511108
Jon S. Dawson, AK Bar No. 8406022
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
douglasross@dwt.com
elizabethhodes@dwt.com
jondawson@dwt.com

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LINDA WRIGLEY, M.D. and ALASKA OB-GYN ASSOCIATES, LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH & SERVICES – WASHINGTON, PROVIDENCE ALASKA MEDICAL CENTER, and PROVIDENCE COMMUNITY MINISTRY BOARD,<br><br>      Defendants. | COPY<br>Original Received<br><br>AUG 2 8 2017<br><br>Clerk of the Trial Courts<br><br><br>Case No. 3AN-17-08209 CI |

### WITHDRAWAL AND SUBSTITUTION OF COUNSEL

Pursuant to Alaska R. Civ. P. 81(e)(1)(A), Chester Gilmore of Cashion Gilmore LLC hereby requests permission to withdraw as counsel for Defendants in the above-captioned case and the law firm of Davis Wright Tremaine LLP, hereby seeks to substitute for Chester D. Gilmore of Cashion Gilmore LLC as counsel of record and enters its appearance on behalf of Defendant Providence Health & Services – Washington

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5500 · Fax: (907) 257-5399

1  d/b/a Providence Alaska Medical Center ("Providence") in the above-captioned case.

2  Plaintiff's Complaint also improperly identifies the "Providence Community Ministry

3  Board" as an entity or organization capable of being sued.  Notwithstanding such error,

4  Davis Wright Tremaine LLP also substitutes for Chester D. Gilmore of Cashion Gilmore

5  LLC on their behalf.

6  DATED this _28th_ day of August, 2017.

7  DAVIS WRIGHT TREMAINE LLP
   Attorneys for Providence Health & Services –
8  Washington d/b/a Providence Alaska Medical Center
   and Providence Community Ministry Board

9

10  By: _____

11  Jon S. Dawson, Alaska Bar No. 8406022
    Elizabeth P. Hodes, Alaska Bar No. 0511108

12

13  By: _____ (FOR)

14  Douglas C. Ross, WA Bar No. 12811
    (pro hac vice application forthcoming)

15

16  DATED this _28_ day of August, 2017.

17  CASHION GILMORE LLC

18

19  By: _____
    Chester D. Gilmore, Alaska Bar No. 0405015

20

21

WITHDRAWAL AND SUBSTITUTION OF COUNSEL  -                    Page **2** of **4**
*Wrigley, et al. v. Providence, et al.*, Case No. 3AN-17-08209 CI

**Exhibit A**
**Page 79 of 92**

# ORDER APPROVING SUBSTITUTION OF COUNSEL

THIS MATTER having come before the court by the Withdrawal and Substitution of Counsel filed by Davis Wright Tremaine LLP and Cashion Gilmore LLC on August 28, 2017;

NOW, THEREFORE, IT IS HEREBY ORDERED that Cashion Gilmore LLC is deemed withdrawn. Davis Wright Tremaine LLP is now counsel of record for Defendants Providence Health & Services – Washington d/b/a Providence Alaska Medical Center and the Providence Community Ministry Board. Copies of all future papers and pleadings herein, except original process, shall be served upon the substituted attorneys of record.

DONE this _____ day of August, 2017.

_____
Honorable Andrew Guidi
Superior Court Judge

WITHDRAWAL AND SUBSTITUTION OF COUNSEL -
*Wrigley, et al. v. Providence, et al.*, Case No. 3AN-17-08209 CI

Page 3 of 4

**Exhibit A**
**Page 80 of 92**

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 80 of 92

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

Certificate of Service:
I certify that on the _____ day of August, 2017,
a true and correct copy of the foregoing document was served on
the following via First Class Mail:

Law Office of Paul D. Stockler
4200 Lake Otis Pkwy, #105
Anchorage AK 99508

Ellen J. Zucker
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624

with a courtesy copy to:

Chester D. Gilmore
Cashion Gilmore LLC
1007 W 3rd Ave, #301
Anchorage AK 99501

By: _____
        Janet Eastman
4821-6082-0814v.1 0050033-000981

WITHDRAWAL AND SUBSTITUTION OF COUNSEL -                    Page 4 of 4
*Wrigley, et al. v. Providence, et al.,* Case No. 3AN-17-08209 CI

**Exhibit A**
**Page 81 of 92**

Douglas C. Ross, WA Bar No. 12811
Elizabeth P. Hodes, AK Bar No. 0511108
Jon S. Dawson, AK Bar No. 8406022
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
douglasross@dwt.com
elizabethhodes@dwt.com
jondawson@dwt.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LINDA WRIGLEY, M.D. and ALASKA
OB-GYN ASSOCIATES, LLC,

           Plaintiffs,

vs.

PROVIDENCE HEALTH & SERVICES –
WASHINGTON, PROVIDENCE ALASKA
MEDICAL CENTER, and PROVIDENCE
COMMUNITY MINISTRY BOARD,

           Defendants.

**COPY**
Original Received

AUG 2 9 2017

Clerk of the Trial Courts

Case No. 3AN-17-08209 CI]

**STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT**

Defendants, Providence Health & Services – Washington d/b/a Providence Alaska

Medical Center and the Providence Community Ministry Board, and Plaintiffs, Linda

Wrigley, M.D. and Alaska OB-GYN Associates, LLC, by and through their respective

counsel, hereby stipulate and agree Defendants shall have until Friday, September 22,

2017, to file their Answer to the Complaint, in light of the withdrawal and substitution of

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

1    defense counsel and the travel plans of lead counsel, who has requested this courtesy so

2    that he can become familiar with the case.  The parties further stipulate and agree that

3    initial disclosures shall be exchanged on or before September 30, 2017.

4

5    DATED this _____ day of August, 2017.

6                              DAVIS WRIGHT TREMAINE LLP
                             Attorneys for Defendants

7

8    By: _____

9         Jon S. Dawson, Alaska Bar No. 8406022
          Elizabeth P. Hodes, Alaska Bar No. 0511108

10

11   By: _____ (For)
          Douglas C. Ross, WA Bar No. 12811

12        (pro hac vice application forthcoming)

13

14   DATED this _____ day of August, 2017.

15                             LAW OFFICE OF PAUL D. STOCKLER
                              BURNS & LEVINSON LLP

16                             Attorneys for Plaintiffs

17

18   By: _____ (with consent)
          Paul D. Stockler, Alaska Bar No. 8606032

19        Ellen J. Zucker, Admitted under Pro Hac Vice

20

21

STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT  -  2
*Wrigley, et al. v. Providence, et al.,* Case No. 3AN-17-08209 CI
**Exhibit A**
**Page 83 of 92**

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 83 of 92

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

**ORDER GRANTING STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT**

The Court having reviewed the Stipulation Extending Time to Respond to Complaint signed by the parties, and the record and pleadings herein, the Court agrees that the request is reasonable and should be granted. NOW THEREFORE, it is hereby ordered:

1.     Defendants shall have until Friday, September 22, 2017, to file their Answer to the Complaint in the above-captioned case.

2.     The parties shall exchange initial disclosures required under Alaska Civil Rule 26(a)(1) on or before September 30, 2017.

DONE this _____ day of _____, 2017.


_____
Honorable Andrew Guidi
Superior Court Judge

STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT  -  3
*Wrigley, et al. v. Providence, et al.,* Case No. 3AN-17-08209 CI
**Exhibit A**
**Page 84 of 92**

Case 3:17-cv-00196-TMB   Document 1-1   Filed 09/07/17   Page 84 of 92

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

Certificate of Service:

I certify that on the ___29th___ day of August, 2017,
a true and correct copy of the foregoing document was served on
the following via First Class Mail:

Paul D. Stockler
Law Office of Paul D. Stockler
4200 Lake Otis Pkwy, #105
Anchorage AK  99508
paulstockler@lawofficeofpaulstockler.com

Ellen J. Zucker
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624


By: _____

4814-4451-2334v.2 0050033-000981

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT  -  4
*Wrigley, et al. v. Providence, et al.,* Case No. 3AN-17-08209 CI

**Exhibit A**
**Page 85 of 92**

Douglas C. Ross, WA Bar No. 12811
Elizabeth P. Hodes, AK Bar No. 0511108
Jon S. Dawson, AK Bar No. 8406022
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
douglasross@dwt.com
elizabethhodes@dwt.com
jondawson@dwt.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LINDA WRIGLEY, M.D. and ALASKA OB-GYN ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>  vs.<br><br>PROVIDENCE HEALTH & SERVICES – WASHINGTON, PROVIDENCE ALASKA MEDICAL CENTER, and PROVIDENCE COMMUNITY MINISTRY BOARD,<br><br>    Defendants. | Case No. 3AN-17-08209 CI |

**PRO HAC VICE APPLICATION OF DOUGLAS ROSS**

Douglas C. Ross of Davis Wright Tremaine LLP, 1201 Third Avenue, Suite 2200, Seattle, Washington 98101, 206.622.3150, hereby moves the court, pursuant to Alaska R. Civ. P. 81(a)(2), for permission to appear and participate pro hac vice in the above-captioned proceeding as counsel for Defendants.

**Exhibit A**
**Page 86 of 92**

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax (907) 257-5399

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

1    Movant Douglas C. Ross was admitted to the Bar of the State of Washington on

2    November 2, 1982, is in good standing therein, and is of good professional character as

3    evidenced by the Certificate of Good Standing from the Supreme Court for the State of

4    Washington attached hereto as Exhibit A.

5    Movant certifies that he is not a member of the Alaska Bar Association and is not

6    otherwise disqualified from practicing law in the State of Alaska.

7    Movant will be associated with Elizabeth P. Hodes, of Davis Wright Tremaine

8    LLP, 188 W Northern Lights Blvd., Suite 1100, Anchorage, Alaska 99503, (907) 257-

9    5300, who is authorized to practice law in the State of Alaska. The written consent of

10    Elizabeth P. Hodes to this motion is provided herein.

11    Proof of payment of the required fee to the Alaska Bar Association is attached

12    hereto as Exhibit B.

13

14    DATED this 31st day of August, 2017.

15    DAVIS WRIGHT TREMAINE LLP

16

17    By: _Douglas Ross_____

18    Douglas C. Ross, WA Bar No. 12811

19

20

21

PRO HAC VICE APPLICATION OF DOUGLAS C. ROSS  -  2
*Wrigley, et al. v. Providence, et al.,* Case No. 3AN-17-08209 CI

**Exhibit A**
**Page 87 of 92**

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax (907) 257-5399

1

<u>CONSENT</u>

2    I, Elizabeth P. Hodes, hereby consent to the filing of this motion this _____ day

3  of September, 2017.

4                                          DAVIS WRIGHT TREMAINE LLP
                                           Attorneys for Providence Health & Services –
5                                          Washington d/b/a Providence Alaska Medical Center
                                           and Providence Community Ministry Board
6

7    By: _____
                                           Elizabeth P. Hodes, Alaska Bar No. 0511108
8

<u>Certificate of Service:</u>
9
I certify that on the _____ day of September, 2017,
10 a true and correct copy of the foregoing document was served on
   the following via:
11
        ( X ) First Class Mail
        (    ) Facsimile and Mail
12      (    ) Email and First Class Mail
        (    ) Hand Delivery
13
Law Office of Paul D. Stockler
14 4200 Lake Otis Pkwy, #105
   Anchorage AK  99508
   paulstockler@lawofficeofpaulstockler.com
15
Ellen J. Zucker
16 Burns & Levinson LLP
   125 Summer Street
17 Boston, MA 02110-1624
   ezucker@burnslev.com

18 By: _____
        Julie M. Gauthier
19
   4812-0860-2190v.1 0050033-000981
20

21

PRO HAC VICE APPLICATION OF DOUGLAS C. ROSS  -  3
*Wrigley, et al. v. Providence, et al.,* Case No. 3AN-17-08209 CI
**Exhibit A**
**Page 88 of 92**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| IN THE MATTER OF THE ADMISSION | ) | BAR NO. 12811 |
| OF | ) | **CERTIFICATE** |
| DOUGLAS C. ROSS | ) | **OF** |
| TO PRACTICE IN THE COURTS OF THIS STATE | ) | **GOOD STANDING** |

I, Susan L. Carlson, Clerk of the Supreme Court of the State of Washington, hereby certify

**DOUGLAS C. ROSS**

was regularly admitted to practice as an Attorney and Counselor at Law in the Supreme Court and all the

Courts of the State of Washington on November 2, 1982, and is now and has continuously since that date

been an attorney in good standing, and has a current status of active.



IN TESTIMONY WHEREOF, I have
hereunto set my hand and affixed
the seal of said Court this 25th day of
August, 2017.

Susan L. Carlson
Supreme Court Clerk
Washington State Supreme Court



**2017 Rule 81 Receipt**

| Date: | 8/30/2017 |
|---|---|
| Sold to: | Davis Wright Tremaine LLP |
| Address: | 188 West Northern Lights Blvd Suite 1100 |
| City, state: | Anchorage, AK 99503 |

| | Rule 81 | Amount |
|---|---|---|
| Outside Counsel | Douglas Ross NA12960 | $660 |
| | | |
| Assoc. w/ Member # | Elizabeth Hodes 0511108 | |
| | | |
| Case # | 3AN-17-08209 CI | |
| | | |
| Payment Type/# | Visa # 8114 | |

| Rec'd by: | Pennelopy Borland | Total | $660 |
|---|---|---|---|

| Email Receipt to: | juliegauthier@dwt.com |
|---|---|

Should you have any questions please do not hesitate to contact this office.

1    Douglas C. Ross, WA Bar No. 12811
     Elizabeth P. Hodes, AK Bar No. 0511108
2    Jon S. Dawson, AK Bar No. 8406022
     DAVIS WRIGHT TREMAINE LLP
3    188 West Northern Lights Blvd., Suite 1100
     Anchorage, AK 99503
4    Phone: (907) 257-5300
     douglasross@dwt.com
5    elizabethhodes@dwt.com
     jondawson@dwt.com

6
                    IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

7                       THIRD JUDICIAL DISTRICT AT ANCHORAGE

8    LINDA WRIGLEY, M.D. and ALASKA
     OB-GYN ASSOCIATES, LLC,
9
                    Plaintiffs,
10
             vs.
11
     PROVIDENCE HEALTH & SERVICES –
12   WASHINGTON, PROVIDENCE ALASKA
     MEDICAL CENTER, and PROVIDENCE
13   COMMUNITY MINISTRY BOARD,               Case No. 3AN-17-08209 CI

14                  Defendants.

15

     **ORDER GRANTING PRO HAC VICE APPLICATION OF DOUGLAS ROSS**
16
             This Court having considered the Pro Hac Vice Application of Douglas Ross for
17
     permission to appear in the above-captioned proceeding and finding no cause to deny the
18
     request, it is hereby ordered that the application is Granted.
19
             DONE this _____ day of _____, 2017.
20

21                                           _____
                                             Honorable Andrew Guidi
                                             Superior Court Judge

                                    **Exhibit A**
                                  **Page 91 of 92**

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

Certificate of Service

I certify that on the ___5th___ day of September, 2017,
a true and correct copy of the foregoing document was served on
the following via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Email and First Class Mail
( ) Hand Delivery

Law Office of Paul D. Stockler
4200 Lake Otis Pkwy, #105
Anchorage AK 99508
paulstockler@lawofficeofpaulstockler.com

Ellen J. Zucker
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624
ezucker@burnslev.com

By: _____
Julie M. Gauthier

4842-4901-3838v.1 0027208-000092

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

[proposed] ORDER GRANTING PRO HAC VICE APPLICATION OF DOUGLAS ROSS - 2
*Wrigley, et al. v. Providence, et al.*, Case No. 3AN-17-08209 CI